UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| WILLIAM SPONN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 8:16-cv-02625-RWT |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | |
| EMERGENT BIOSOLUTIONS INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**DECLARATION OF DAVID M. WILLIAMS OF CO-LEAD PLAINTIFF
CITY OF SUNRISE POLICE OFFICERS' RETIREMENT PLAN
IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION FOR FINAL APPROVAL OF SETTLEMENT**

I, David M. Williams, declare as follows:

1. I am the plan administrator of City of Sunrise Police Officers' Retirement Plan ("Sunrise Police" or the "Plan"), one of the Lead Plaintiffs in the above-captioned securities class action (the "Action"). Sunrise Police is a single-employer defined benefit retirement plan overseen by a board of trustees for the benefit of approximately 151 plan participants and their beneficiaries. The Plan manages assets of approximately $123 million. The Plan provides retirement, termination, disability and death benefits. Each person employed by the City of Sunrise Police Department as a full-time sworn Police Officer becomes a member of the Plan as a condition of their employment.

2. I respectfully submit this Declaration in support of: (a) Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation; and (b) Lead Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Reimbursement of Plaintiffs' Expenses, which includes Sunrise Police's application for reimbursement of costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). I have personal knowledge of the matters related to Sunrise Police's application and of the other matters set forth in this Declaration, as I, or others working with me or under my direction, have been directly involved in monitoring and overseeing the prosecution of the Action on the Plan's behalf, and I could and would testify competently thereto.

## WORK PERFORMED BY SUNRISE POLICE ON BEHALF OF THE SETTLEMENT CLASS

3. The Plan understands that the PSLRA was intended to encourage institutional investors with large losses to seek to manage and direct securities fraud class actions. The Plan is a sophisticated institutional investor that committed itself to prosecuting this litigation vigorously, through trial if necessary. As a Lead Plaintiff, Sunrise Police understood its fiduciary duties to serve in the interests of the Class by participating in the management and prosecution of the case.

4. Sunrise Police has fulfilled its responsibilities as Lead Plaintiff.

5. As a Lead Plaintiff in the Action, Sunrise Police has, among other things: (a) conferred with Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or "Lead Counsel"), the Court-appointed Lead Counsel in the Action, on the overall strategy for prosecuting the Action; (b) reviewed Court filings; (c) evaluated regular status reports from Robbins Geller; (d) searched for and compiled relevant documents for potential production to the Defendants; (e) prepared for, travelled to, and attended a deposition in Washington D.C.; (f) analyzed and

responded to Defendants' settlement proposals; and (g) communicated with Lead Counsel regarding settlement negotiations and documentation.

## SUNRISE POLICE STRONGLY ENDORSES THE COURT'S APPROVAL OF THE SETTLEMENT

6. Based on its involvement throughout the prosecution and resolution of the Action, Sunrise Police believes that the proposed Settlement is fair, reasonable, and adequate to the Class. Because the Plan believes that the proposed Settlement represents a substantial recovery for the Class, particularly in light of the substantial risks of continued litigation, it strongly endorses approval of the Settlement by the Court.

## SUNRISE POLICE SUPPORTS LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES

7. Sunrise Police also believes that Robbins Geller's request for an award of attorneys' fees in the amount of 33% of the Settlement Fund (which includes any accrued interest) is fair and reasonable. Sunrise Police has evaluated the fee request in light of the work performed by counsel, the risks and challenges in the Action, and the substantial recovery obtained for the Class. Sunrise Police understands that Lead Counsel also will devote additional time in the future to administering the Settlement and distributing the Net Settlement Fund. Sunrise Police further believes that Lead Counsel's request for reimbursement of litigation expenses is reasonable given that the costs and expenses in question were necessary for the successful prosecution and resolution of this case. Based on the foregoing, and consistent with its obligation to obtain the best result at the most efficient cost on behalf of the Class, Sunrise Police fully supports Robbins Geller's motion for attorneys' fees and payment of litigation expenses.

8. In addition, Sunrise Police understands that reimbursement of a plaintiff's reasonable costs and expenses, including lost wages, is authorized under §21D(a)(4) of the

PSLRA, 15 U.S.C. §78u-4(a)(4). Consequently, in connection with Lead Counsel's request for reimbursement of litigation expenses, Sunrise Police seeks reimbursement in the amount of $14,543.81.

9. I, along with Plan counsel, was one of the primary points of contact between Sunrise Police and Robbins Geller. In that role, I consulted with attorneys from Robbins Geller and Plan counsel numerous times throughout the course of the Action. I also reviewed substantive Court filings, gathered and analyzed documents in response to Defendants' discovery requests, and corresponded with attorneys from Robbins Geller through email and telephone conferences. In January 2018, I travelled from Florida to Washington D.C. for my deposition in connection with Plaintiffs' motion for class certification.

10. In total, Sunrise Police dedicated 57.5 hours to the prosecution of this Action. This was time that was not spent attending to the Plan's usual business. My effective hourly rate claimed here is $250 per hour. The total cost of our claimed time of 57.5 hours plus expenses incurred in connection with this Action is $14,543.81.

## CONCLUSION

11. In conclusion, Sunrise Police fully endorses the Settlement as fair, reasonable, and adequate, and believes it represents a significant recovery for the Class. Sunrise Police further supports Robbins Geller's attorneys' fee and litigation expense request and believes that it represents fair and reasonable compensation in light of the work performed, the substantial recovery obtained for the Class, and the attendant litigation risks. Finally, Sunrise Police requests reimbursement for its costs in the amount of $14,543.81. Accordingly, Sunrise Police respectfully requests that the Court approve Plaintiffs' motion for final approval of the proposed

Settlement and Robbins Geller's motion for an award of attorneys' fees and payment of litigation expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I have the authority to execute this Declaration on behalf of Sunrise Police.

Executed this **13TH** day of November, 2018, at **SUNRISE**, Florida.

_/s/ David M. Williams_
David M. Williams, Plan Administrator
City of Sunrise Police Officers' Retirement Plan

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 20, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ Jonah H. Goldstein
JONAH H. GOLDSTEIN

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: JonahG@rgrdlaw.com

# Mailing Information for a Case 8:16-cv-02625-RWT City of Cape Coral Municipal Firefighters' Retirement Plan et al v Emergent Biosolutions, Inc., HQ et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Robert D Gerson**
  rgerson@rgrdlaw.com

- **Jonah H Goldstein**
  jonahg@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanw@rgrdlaw.com,ldeem@rgrdlaw.com

- **Francis P Karam**
  fkaram@rgrdlaw.com

- **Dana Whitehead McKee**
  dwm@browngold.com,kgates@browngold.com,dcaimona@browngold.com

- **Mark T Millkey**
  mmillkey@rgrdlaw.com,e_file_ny@rgrdlaw.com,1781895420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Yosef J. Riemer**
  yosef.riemer@kirkland.com,kenymanagingclerk@kirkland.com,ecf-0034f2ed07b9@ecf.pacerpro.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew Solum**
  msolum@kirkland.com

- **Ellen Gusikof Stewart**
  elleng@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`