UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| WILLIAM SPONN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EMERGENT BIOSOLUTIONS INC., et al.,<br><br>Defendants. | No. 8:16-cv-02625-RWT<br><br>CLASS ACTION |

**DECLARATION OF GEOFFREY L. FLAGSTAD
IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION FOR FINAL APPROVAL OF SETTLEMENT**

I, Geoffrey L. Flagstad, declare as follows:

1. I am the Court-appointed Class representative in this securities class action. I submit this declaration (i) in support of my request for reimbursement of $32,700 associated with the time I spent dedicated to the case and (ii) in support of final approval of the $6,500,000 settlement, the plan of allocation, an award of attorneys' fees of 33% of the settlement, and payment of counsel's litigation expenses. I have personal knowledge of the statements herein, and, if called as a witness, could and would testify competently thereto, as I have been directly involved in overseeing the prosecution of this case as well as the negotiations leading to the settlement.

2. I spent 163.5 hours working on this case seeking to recover the losses I suffered as well as those suffered by the Class Members I was appointed to represent. Both before and after I was appointed by the Court as Class Representative, I worked diligently to investigate and thereafter pursue this litigation, while fulfilling my responsibilities to other members of the Class.

3. The detailed account of my time and efforts is set forth below. Prior to the commencement of legal action against the Defendant, Emergent BioSolutions et al, I had been developing a small portfolio of common stocks. EBS is the symbol for the Defendant on the New York Stock Exchange. In the course of that evaluation, I was able through intensive analysis to bring the total of possible investments from six to two. The final two were EBS and Patrick Industries, Symbol PATK. Based on representations by EBS management in a number of public information statements about a large government order in the near term, and their monopoly of the vaccine to defeat Anthrax infections among other potential threats as the virtually exclusive supplier to the government, I started to invest in EBS. The initial study commenced on May 17, 2017. On that day and the next, I spent 16 hours analyzing and getting a grasp on which investment was best. I read multiple articles comparing the six different investments, reviewed individual charts, gauged the varying market opportunities, reviewed financial statements, estimated which was the better business opportunity. From May 19 through the 25th, I spent at least 1 hour each day monitoring the potential investment. On the 25th I made the first EBS purchase and continued to monitor the company. I followed the same procedure up through June 20, 2016. Each day I spent about an hour each day watching our investment. I believe in being cautious, and being prepared for some event that would threaten our principal. Up through the

date when the stock fell off the cliff on June 23, 2016, I spent 45 hours tracking my investment in EBS, in addition to the 16 hours spent on making the decision.

4. During the immediate period after the loss occurred, I went into a serious study as to how this could have occurred. I saw a notice from Attorney Marshall Dees from the law firm of Holzer & Holzer requesting whether any investors who purchased Emergent stock during the proposed class period were interested in pursuing a cause of action against EBS and serving as the lead plaintiff. I was quite angry. I felt misled by EBS. From June 27 through July 7, 2016, I had communications with counsel regarding my willingness to pursue a potential case as a lead plaintiff. These included discussions and correspondence concerning my stock transactions and losses and the role and duties of a lead plaintiff. During that period, I agreed to proceed as a lead plaintiff. During the period of analysis, review and appointment of Holzer & Holzer as my attorney, I spent 15 hours putting together my side of the case.

5. While I did not serve as a Lead Plaintiff, in December 2017, I agreed to serve as a proposed Class Representative. I made plans to sit for a requested deposition on the Friday before Christmas in the Richmond, Virginia area, as I was planning to be there for family. I commenced to review the case once again and had several telephone conversations with my lawyers to assist in getting prepared for the deposition. It was determined that the deposition could not proceed on that date, and I was told that the deposition would occur the first Monday after the New Year in Kansas City, 3.5 hours by car from my house. I agreed. I spent 5 hours on these issues.

6. After the New Year, the arrangements were set for a deposition in Kansas City. Prior to the Kansas City deposition, during the last weeks of December, 2017, I agreed to be represented by Robbins Geller Rudman & Dowd LLP ("Robbins Geller") in addition to Holzer



1500375_1

& Holzer, LLC. In the course of this transaction, multiple hours were required of me with respect to a review and commitment to the new counsel. A conference call took place where the Robbins Geller attorneys were introduced and the matters were discussed. My review of their documentation and issues related to the case required 8 hours of my time.

7. I next prepared for my deposition. My meeting with Robbins Geller and Holzer & Holzer was set for the Kansas City Sheraton Plaza. I left my home at 12 noon and my arrival at the hotel was about 4 pm. Registration and getting settled at the hotel took another hour. I then met with my lawyers to prepare for the deposition starting early the next morning. Our meeting was quite intensive and took from 5 pm until approximately 10 pm. On January 7, 2018 I expended 10 hours on these efforts.

8. Deposition day arrived early for me. I got up at 4:30 am to review the documents. Then to breakfast with the attorneys. Then off to the deposition that began at 9 am. The deposition lasted until 1 pm. I returned to the hotel and checked out. On my return from Kansas City, my car broke down and consequently it took me an extra 2 hours to return by 8 pm that evening. My total time expended on January 8, 2018 was 15.5 hours.

9. Following the deposition I reviewed my deposition transcript for accuracy. Also, in August, I was advised that there was a possibility of a settlement but in the event there was not, we would be going to trial. Since this was becoming a test of truth and the other side saw it differently than I did, I felt the pressure to study the case once more. I spent approximately six hours on two successive days studying my earlier responses to my deposition. I expended 16 hours on these efforts.

10. Since then there have been numerous emails and telephone calls with counsel concerning case strategy, potential damages and settlement negotiations. In addition, when the

time came to discuss a potential resolution, I provided input and direction regarding settlement strategy. I consulted with counsel regarding mediating the dispute and analyzed the issues regarding the damages in this case. I spent approximately 8 hours on these efforts.

11. On October 14, 15, 16, 17 I engaged in in-depth analysis of the settlement papers, including:

- Plaintiffs' Notice of Motion and Unopposed Motion for Preliminary Approval of Class Action Settlement
- Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement
- [Proposed] Order Preliminarily Approving Settlement and Providing for Notice
- Stipulation of Settlement
- Ex. A - [Proposed] Order Preliminarily Approving Settlement and Providing for Notice
- Ex. A-1 - Notice of Proposed Settlement of Class Action
- Ex. A-2 - Proof of Claim and Release
- Ex. A-3 - Summary Notice
- Ex. B - [Proposed] Order and Final Judgment
- [Proposed] Amended Order Preliminarily Approving Settlement and Providing for Notice
- Ex. A-1 - Amended Notice of Proposed Settlement of Class Action
- Ex. A-2 - Proof of Claim and Release
- Ex. A-3 - Summary Notice

I spent at least 6 hours on the first 3 days and 12 hours on October 17, 2018. I also had telephone conversations with counsel regarding the settlement. The time expended on these efforts is 30 hours.

12. As a Managing Director of GLF Media LLC, and my role as a business consultant for several companies during my approximately 40 year career in business, my normal billable rate is $200 per hour. Given that I dedicated 163.5 hours on this matter, I respectfully request that the Court award me $32,700.

13. I believed, and continue to believe that Defendants misled me and other investors in Emergent stock about the BioThrax contract. This is why I requested that the Court appoint

- 5 -



1500375_1

me as the Class Representative. Through my efforts as Class Representative, along with the Lead Plaintiff Retirement Funds, I believe that we have obtained justice on behalf of those who were misled by Defendants during the Class Period.

14. Based on my familiarity with the case, review of significant documents filed in the case and my extensive communications with my attorneys, I feel I am in a good position to comment on the settlement and request for attorneys' fees. I believe that the $6.5 million recovery in this case is an excellent recovery for the class and a recovery that would not have been possible without the diligent efforts of counsel. I believe the settlement represents a fair, reasonable, and adequate recovery on behalf of the Class, and that its approval is in the best interest of each Class Member.

15. I am aware of the difficulties of proving these types of cases at trial and understand that even in a strong case the Class could potentially recover nothing. I am appreciative that a settlement will guarantee that the class members will be paid a percentage of their losses. This is quite important to me. On these grounds, and others, I completely support the settlement.

16. In addition, based on my regular communications with my attorneys and my review of the many documents filed in this case, I feel that lead counsel should be awarded their requested fee of 33% of settlement. I understand that lead counsel has not been paid anything to date and has expended significant amounts of time and money on this matter. In my opinion, the attorneys from Robbins Geller did an excellent job in this case and should be compensated accordingly.

17. In conclusion, I was actively involved throughout the prosecution and settlement of the claims in the case and strongly endorse the settlement, plan of allocation, and award of



attorneys' fees and expenses. In addition, I respectfully request reimbursement of the reasonable costs and expenses I incurred in prosecuting the case on behalf of the Class.

I declare, pursuant to the laws of the United States of America, that the foregoing is true and correct. Executed this 13th day of November, 2018, in Versailles, Missouri.

_____
GEOFFREY L. FLAGSTAD

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 20, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    /s/ Jonah H. Goldstein
JONAH H. GOLDSTEIN

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  JonahG@rgrdlaw.com

# Mailing Information for a Case 8:16-cv-02625-RWT City of Cape Coral Municipal Firefighters' Retirement Plan et al v Emergent Biosolutions, Inc., HQ et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Robert D Gerson**
  rgerson@rgrdlaw.com

- **Jonah H Goldstein**
  jonahg@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanw@rgrdlaw.com,ldeem@rgrdlaw.com

- **Francis P Karam**
  fkaram@rgrdlaw.com

- **Dana Whitehead McKee**
  dwm@browngold.com,kgates@browngold.com,dcaimona@browngold.com

- **Mark T Millkey**
  mmillkey@rgrdlaw.com,e_file_ny@rgrdlaw.com,1781895420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Yosef J. Riemer**
  yosef.riemer@kirkland.com,kenymanagingclerk@kirkland.com,ecf-0034f2ed07b9@ecf.pacerpro.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew Solum**
  msolum@kirkland.com

- **Ellen Gusikof Stewart**
  elleng@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`