UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| WILLIAM SPONN, Individually and on Behalf of All Others Similarly Situated, | )<br>)<br>)<br>) | No. 8:16-cv-02625-RWT<br><br>CLASS ACTION |
| Plaintiff, | ) | |
| vs. | )<br>) | |
| EMERGENT BIOSOLUTIONS INC., et al., | ) | |
| Defendants. | )<br>) | |

No. 8:16-cv-02625-RWT

CLASS ACTION

DECLARATION OF CAROLE K. SYLVESTER REGARDING CLASS ACTION FAIRNESS ACT NOTIFICATION, NOTICE DISSEMINATION, PUBLICATION, AND REQUESTS FOR EXCLUSION RECEIVED TO DATE

I, CAROLE K. SYLVESTER, declare:

1.        I am employed as the Director of Notice by Gilardi & Co. LLC ("Gilardi"), located at 3301 Kerner Blvd., San Rafael, California.  The following statements are based on my personal knowledge and information provided to me by other Gilardi employees and, if called as a witness, could and would testify competently thereto.

**CLASS ACTION FAIRNESS ACT ("CAFA") NOTIFICATION**

2.        On October 26, 2018, in compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715, Gilardi mailed via United States Postal Service Priority Mail a cover letter to the U.S. Attorney General, the Attorneys General for all 50 states, the Attorneys General for all 8 U.S. territories, and the U.S. Securities and Exchange Commission, along with a CD-ROM containing the following documents: Complaint for Violations of the Federal Securities Laws, Amended Complaint for Violations of the Federal Securities Laws, Defendants' Answer to Amended Complaint and Jury Demand, Amended Order Preliminarily Approving Settlement and Providing for Notice, Plaintiffs' Notice of Motion and Unopposed Motion for Preliminary Approval of Class Action Settlement, Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Amended Notice of Proposed Settlement of Class Action, Proof of Claim and Release, Summary Notice, Stipulation of Settlement, [Proposed] Order and Final Judgment, and Memorandum Opinion. Copies of the cover letter and the mailing list for the CAFA notice are attached hereto as Exhibit A.

**SETTLEMENT NOTIFICAITON**

3.        Pursuant to this Court's October 25, 2018 Amended Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 106) ("Notice Order"), Gilardi was appointed to supervise and administer the notice procedure as well as the processing of claims in connection with

- 1 -

the proposed settlement of the above-captioned action (the "Litigation"). I oversaw the notice services that Gilardi provided in accordance with the Notice Order.

4. I submit this declaration in order to provide the Court and the parties to the Litigation with information regarding: (i) mailing of the Court-approved Amended Notice of Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release (the "Proof of Claim") (collectively, the "Notice Package," attached hereto as Exhibit B); (ii) publication of the Summary Notice; (iii) establishment of the website and toll-free telephone number dedicated to this settlement; and (iv) the number of requests for exclusion from the Settlement Class received by Gilardi to date.[1]

## DISSEMINATION OF THE NOTICE PACKAGE

5. Pursuant to the Notice Order, Gilardi is responsible for disseminating the Notice Package to potential Settlement Class Members. By definition, Settlement Class Members are Persons who purchased or otherwise acquired Emergent BioSolutions Inc. ("Emergent" or the "Company") publicly-traded common stock listed on the New York Stock Exchange between January 11, 2016 and June 21, 2016, inclusive, or their successors-in-interest (the "Settlement Class Period"). Excluded from the Settlement Class are: Emergent; the Individual Defendants; members of the Immediate Family of each of the Individual Defendants; the Officers and directors of Emergent during the Settlement Class Period; the heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded has or had a controlling interest. Also excluded from the Settlement Class are any Persons who would otherwise be Settlement Class Members who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in the Notice.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings as set forth in the Stipulation of Settlement, dated October 16, 2018 (ECF No. 101).

6.      On October 13, 2018, Gilardi received, via e-mail, a spreadsheet from Emergent's transfer agent American Stock Transfer, containing the names and addresses of potential Settlement Class Members. The list was reviewed to identify and eliminate duplicate entries and incomplete data, resulting in a usable mailing list of 24 unique names and addresses. Gilardi had the unique name and address data printed on to Notice Packages, posted the Notice Packages for First-Class Mail, postage prepaid, and delivered 24 Notice Packages on November 16, 2018, to the United States Post Office located in Santa Rosa, California.

7.      In addition, on November 16, 2018, as part of its normal mailing procedures, Gilardi mailed, by First-Class Mail, Notice Packages and cover letters to 281 brokerages, custodial banks, and other institutions ("Nominal Holders") that hold securities in "street name" as nominees for the benefit of their customers who are the beneficial owners of the securities. The Nominal Holders also include a group of filers/institutions who have requested notification of every securities case. These Nominal Holders are included in a proprietary database created and maintained by Gilardi. In Gilardi's experience, the Nominal Holders included in this proprietary database represent a significant majority of the beneficial holders of securities. The cover letter accompanying the Notice Packages advised the Nominal Holders of the proposed settlement and requested their cooperation in forwarding the Notice Packages to potential Settlement Class Members. In the over 25 years that Gilardi has been providing notice and claims administration services in securities class actions, Gilardi has found the majority of potential class members hold their securities in street name and are notified through the Nominal Holders. Gilardi also mailed Notice Packages and cover letters to the 4,660 institutions included on the U.S. Securities and Exchange Commission's ("SEC") list of active brokers and dealers at the time of mailing. A

- 3 -

sample of the cover letter mailed to Nominal Holders and the institutions included on the SEC's list of active brokers and dealers is attached hereto as Exhibit C.

8.     On November 16, 2018, Gilardi also delivered electronic copies of the Notice Package to 393 registered electronic filers who are qualified to submit electronic claims. These filers are primarily institutions and third-party filers who typically file numerous claims on behalf of beneficial owners for whom they act as trustees or fiduciaries.

9.     As part of the notice program for this settlement, Gilardi also caused the Notice Package to be published by the Depository Trust Company ("DTC") on the DTC Legal Notice System ("LENS"). LENS enables the participating bank and broker nominees to review the Notice Package and contact Gilardi for copies of the Notice Package for their beneficial holders.

10.     Gilardi acts as a repository for shareholder and nominee inquiries and communications received in this Litigation. In this regard, Gilardi will continue to forward the Notice Package on request to nominees who purchased or otherwise acquired Emergent common stock for the beneficial interest of other persons.

11.     Following the initial mailing, Gilardi received one response to the outreach efforts described above, including a computer file containing a total of five names and addresses of potential Settlement Class Members. The request has been completed in a timely manner.

12.     As of November 20, 2018, Gilardi has mailed a total of 5,363 Notice Packages to potential Settlement Class Members and nominees.

## PUBLICATION OF THE SUMMARY NOTICE

13.     In accordance with the Notice Order, Gilardi will cause the Summary Notice to be published in *The Wall Street Journal* and transmitted over *Business Wire* on November 21, 2018.

- 4 -

**TELEPHONE HELPLINE AND WEBSITE**

14.     On November 16, 2018, Gilardi established and will maintain a case-specific, toll-free telephone helpline, 1-800-403-4561, to accommodate potential Settlement Class Member inquiries.  The toll-free number was set forth in the Notice and on the case website.  Gilardi will continue to promptly respond to all inquiries to the toll-free telephone helpline.

15.     On November 9, 2018, Gilardi established and will maintain and update as necessary a website dedicated to this settlement (www.EmergentSecuritiesLitigation.com) to provide additional information to Settlement Class Members and to provide answers to frequently asked questions.  The web address is set forth in the Notice Package and the Summary Notice. The website includes information regarding the Litigation and the settlement, including the exclusion, objection, and claim filing deadlines, and the date and time of the Court's final approval hearing.  Copies of the Notice, Proof of Claim, Stipulation of Settlement, memorandum in support of preliminary approval of settlement, and Notice Order are posted on the website and are available for downloading.  Settlement Class Members can also complete and submit a Proof of Claim through the website.

**REQUESTS FOR EXCLUSION RECEIVED TO DATE**

16.     The Notice informs potential Settlement Class Members that written requests for exclusion from the Settlement Class must be mailed to Emergent Securities Litigation, c/o Gilardi & Co. LLC, Claims Administrator, EXCLUSIONS, 3301 Kerner Blvd., San Rafael, CA  94901, such that they are postmarked no later than December 26, 2018.  The Notice also sets forth the information that must be included in each request for exclusion.  Gilardi has monitored and will continue to monitor all mail delivered to this address.  As of the date of this declaration, Gilardi has not received any requests for exclusion.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 20th day of November, 2018, at San Rafael, California.

_____
CAROLE K. SYLVESTER

# EXHIBIT A



3301 Kerner Blvd.
San Rafael, CA 94901

October 26, 2018

VIA PRIORITY MAIL

«First» «Last»
«Company»
«Address_1»
«Address_2»
«City», «State»  «Zip»

   Re: Notice of Proposed Class Action Settlement Pursuant to 28 U.S.C. § 1715

Dear «First» «Last»:

   KIRKLAND & ELLIS LLP represents Emergent BioSolutions, Inc. ("Emergent") and Fuad El-Hibri, Daniel J. Abdun-Nabi, Robert G. Kramer, and Adam R. Havey ("Individual Defendants") (collectively, "Defendants") in a putative class action lawsuit entitled *William Sponn, et al. v. Emergent BioSolutions Inc., et al.*, Case No. 8:16-cv-02625-RWT. The lawsuit is pending before the Honorable Roger W. Titus in the United States District Court for the District of Maryland, Southern Division.  This letter is to advise you that Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement in connection with this class action lawsuit on October 17, 2018.

| | |
|---|---|
| **Case Name:** | *William Sponn, et al. v. Emergent BioSolutions Inc., et al.* |
| **Case Number:** | 8:16-cv-02625-RWT |
| **Jurisdiction:** | United States District Court<br>District of Maryland, Southern Division |
| **Date Settlement Filed with Court:** | **October 17, 2018** |

   The Defendants deny any wrongdoing or liability whatsoever and have decided to settle this action solely in order to eliminate the burden, expense, and uncertainties of further litigation. In compliance with 28 U.S.C. § 1715(b), the following documents referenced below are included on the CD that is enclosed with this letter:



«First» «Last»
October 26, 2018
Page 2

1.  **28 U.S.C. § 1715(b)(1) – Complaint and Related Materials**: A copy of the *Complaint for Violations of the Federal Securities Laws, Amended Complaint for Violations of the Federal Securities Laws,* and *Defendant's Answer to Amended Complaint and Jury Demand* are included on the enclosed CD-ROM.

2.  **28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:** As of October 26, 2018, the Court has scheduled a final fairness hearing in this matter for January 22, 2019 at 10:00 a.m. ET at the United States District Court, District of Maryland, Southern Division, located at 6500 Cherrywood Lane, Greenbelt, MD 20770, before the Honorable Roger W. Titus. A copy of the *Amended Order Preliminarily Approving Settlement and Providing for Notice, Plaintiff's Notice of Motion and Unopposed Motion for Preliminary Approval of Class Action Settlement,* and the *Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement* are included in the enclosed CD-ROM.

3.  **28 U.S.C. § 1715(b)(3) – Notification to Class Members:** A copy of the *Amended Notice of Proposed Settlement of Class Action, Proof of Claim and Release,* and *Summary Notice* to be provided to the class are included on the enclosed CD-ROM.

4.  **28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** A copy of the *Stipulation of Settlement* is included on the enclosed CD-ROM.

5.  **28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreement: Any Settlement or Other Agreement:** The parties have entered into a separate confidential agreement regarding requests for exclusion (the "Supplemental Agreement"), referred to in the *Stipulation of Settlement.* This agreement remains confidential and has not been included with the enclosed materials. As of October 26, 2018, no other settlement or agreement has been entered between the Plaintiffs and Defendants in this action.

6.  **28 U.S.C. § 1715(b)(6) – Final Judgment:** No Final Judgment has been reached as of October 26, 2018, nor have any Notices of Dismissal been granted at this time. A copy of the *[Proposed] Order and Final Judgment* is included on the enclosed CD-ROM.

7.  **28 U.S.C. § 1715(b)(7)(A)-(B) – Names of Class Members/Estimate of Class Members:** While the Defendants are in the process of gathering information on this issue, pursuant to 28 U.S.C. § 1715(b)(7)(A), at this time a complete list of



«First» «Last»
October 26, 2018
Page 3

names of class members as well as each State of residence is not available, because the parties do not presently know the names or current addresses of all the proposed settlement class members and will not learn this information until the Settlement is preliminarily approved and the Court authorizes dissemination of information about the Settlement through the Class Notice. Pursuant to 28 U.S.C. § 1715(b)(7)(B), it is estimated that there are approximately 15,000 individuals in the class.

8.    **28 U.S.C. § 1715(b)(8) – Judicial Opinions:** A copy of the *Memorandum of Opinion* issued in this action is included on the enclosed CD-ROM.

If for any reason you believe the enclosed information does not fully comply with 28 U.S.C. § 1715, please contact the Claims Administrator, Gilardi & Co. at 415-458-3679, to address any concerns or questions you may have.

Thank you.

Sincerely,

*/s/*
Michael Joaquin
SENIOR VICE PRESIDENT
GILARDI & CO. LLC

Enclosure – CD-ROM

| Last | First | Company | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Lindemuth | Jahna | Office of the Alaska Attorney General | 1031 W. 4th Avenue | Suite 200 | Anchorage | AK | 99501-1994 |
| Marshall | Steven | Office of the Alabama Attorney General | 501 Washington Avenue | PO Box 300152 | Montgomery | AL | 36130-0152 |
| Rutledge | Leslie | Arkansas Attorney General Office | 323 Center Street, Suite 200 | | Little Rock | AR | 72201-2610 |
| Brnovich | Mark | Office of the Arizona Attorney General | 1275 W. Washington Street | | Phoenix | AZ | 85007 |
| CAFA Coordinator | | Office of the Attorney General | Consumer Law Section | 455 Golden Gate Ave., Suite 11000 | San Francisco | CA | 94102 |
| Coffman | Cynthia | Office of the Colorado Attorney General | Ralph L. Carr Colorado Judicial Center | 1300 Broadway, 10th Floor | Denver | CO | 80203 |
| Jepsen | George | State of Connecticut Attorney General's Office | 55 Elm Street | | Hartford | CT | 06106 |
| Racine | Karl A. | District of Columbia Attorney General | 441 4th Street, NW, Suite 1100S | | Washington | DC | 20001 |
| Sessions | Jefferson | Attorney General of the United States | United States Department of Justice | 950 Pennsylvania Avenue, NW | Washington | DC | 20530-0001 |
| Denn | Matthew | Delaware Attorney General | Carvel State Office Building | 820 N. French Street | Wilmington | DE | 19801 |
| Bondi | Pam | Office of the Attorney General of Florida | The Capitol, PL-01 | | Tallahassee | FL | 32399-1050 |
| Carr | Chris | Office of the Georgia Attorney General | 40 Capitol Square, SW | | Atlanta | GA | 30334-1300 |
| Suzuki | Russell | Office of the Hawaii Attorney General | 425 Queen Street | | Honolulu | HI | 96813 |
| Miller | Tom | Iowa Attorney General | Hoover State Office Building | 1305 E. Walnut Street | Des Moines | IA | 50319 |
| Wasden | Lawrence | State of Idaho Attorney General's Office | 700 W. Jefferson Street, Suite 210 | P.O. Box 83720 | Boise | ID | 83720-0010 |
| Madigan | Lisa | Illinois Attorney General | James R. Thompson Center | 100 W. Randolph Street | Chicago | IL | 60601 |
| Hill, Jr. | Curtis T. | Indiana Attorney General's Office | Indiana Government Center South | 302 West Washington Street, 5th Floor | Indianapolis | IN | 46204 |
| Schmidt | Derek | Kansas Attorney General | 120 S.W. 10th Ave., 2nd Floor | | Topeka | KS | 66612-1597 |
| Beshear | Andy | Office of the Kentucky Attorney General | 700 Capitol Ave | Capitol Building, Suite 118 | Frankfort | KY | 40601 |
| Landry | Jeff | Office of the Louisiana Attorney General | P.O. Box 94095 | | Baton Rouge | LA | 70804-4095 |
| Healey | Maura | Office of the Attorney General of Massachusetts | 1 Ashburton Place | | Boston | MA | 02108-1518 |
| Frosh | Brian | Office of the Maryland Attorney General | 200 St. Paul Place | | Baltimore | MD | 21202-2202 |
| Mills | Janet | Office of the Maine Attorney General | State House Station 6 | | Augusta | ME | 04333 |
| Schuette | Bill | Office of the Michigan Attorney General | P.O. Box 30212 | 525 W. Ottawa Street | Lansing | MI | 48909-0212 |
| Lori Swanson | Attorney General | Attention: CAFA Coordinator | Suite 102, State Capitol 75 Dr. | Martin Luther King, Jr. Blvd. | St. Paul | MN | 55155 |
| Hawley | Joshua D. | Missouri Attorney General's Office | Supreme Court Building | 207 W. High Street | Jefferson City | MO | 65101 |
| Hood | Jim | Mississippi Attorney General's Office | Department of Justice | P.O. Box 220 | Jackson | MS | 39205 |
| Fox | Tim | Office of the Montana Attorney General | Justice Bldg. | 215 N. Sanders Street | Helena | MT | 59620-1401 |
| Stein | Josh | Office of the North Carolina Attorney General | Department of Justice | P.O. Box 629 | Raleigh | NC | 27602-0629 |
| Stenehjem | Wayne | North Dakota Office of the Attorney General | State Capitol | 600 E. Boulevard Avenue | Bismarck | ND | 58505-0040 |
| Peterson | Doug | Office of the Nebraska Attorney General | State Capitol | P.O. Box 98920 | Lincoln | NE | 68509-8920 |
| MacDonald | Gordon | New Hampshire Attorney General | 33 Capitol Street | | Concord | NH | 03301-6397 |
| Grewal | Gurbir S. | Office of the New Jersey Attorney General | Richard J. Hughes Justice Complex | 25 Market Street, P.O. Box 080 | Trenton | NJ | 08625 |
| Balderas | Hector | Office of the New Mexico Attorney General | P.O. Drawer 1508 | | Santa Fe | NM | 87504-1508 |
| Laxalt | Adam Paul | Nevada Attorney General | Old Supreme Ct. Bldg. | 100 North Carson Street | Carson City | NV | 89701 |
| Underwood | Barbara | Office of the New York Attorney General | Dept. of Law - The Capitol | 2nd Floor | Albany | NY | 12224 |
| DeWine | Mike | Ohio Attorney General | State Office Tower | 30 E. Broad Street | Columbus | OH | 43266-0410 |
| Hunter | Mike | Oklahoma Office of the Attorney General | 313 NE 21st Street | | Oklahoma City | OK | 73105 |
| Rosenblum | Ellen F. | Office of the Oregon Attorney General | Justice Building | 1162 Court Street, NE | Salem | OR | 97301 |
| Shapiro | Josh | Pennsylvania Office of the Attorney General | 16th Floor, Strawberry Square | | Harrisburg | PA | 17120 |
| Kilmartin | Peter | Rhode Island Office of the Attorney General | 150 South Main Street | | Providence | RI | 02903 |
| Wilson | Alan | South Carolina Attorney General | Rembert C. Dennis Office Bldg. | P.O. Box 11549 | Columbia | SC | 29211-1549 |
| Jackley | Marty J. | South Dakota Office of the Attorney General | 1302 East Highway 14, Suite 1 | | Pierre | SD | 57501-8501 |
| Slatery, III | Herbert H. | Tennessee Attorney General and Reporter | 425 5th Avenue North | | Nashville | TN | 37243 |
| Paxton | Ken | Attorney General of Texas | Capitol Station | P.O. Box 12548 | Austin | TX | 78711-2548 |
| Reyes | Sean | Utah Office of the Attorney General | State Capitol, Room 236 | 350 N State St | Salt Lake City | UT | 84114-0810 |
| Herring | Mark | Office of the Virginia Attorney General | 202 North Ninth Street | | Richmond | VA | 23219 |
| Donovan | T.J. | Office of the Attorney General of Vermont | 109 State Street | | Montpelier | VT | 05609-1001 |
| Ferguson | Bob | Washington State Office of the Attorney General | 1125 Washington St SE | P.O. Box 40100 | Olympia | WA | 98504-0100 |
| Schimel | Brad | Office of the Wisconsin Attorney General | Dept of Justice, State Capitol | RM 114 East P.O. Box 7857 | Madison | WI | 53707-7857 |
| Morrisey | Patrick | West Virginia Attorney General | State Capitol | 1900 Kanawha Blvd E | Charleston | WV | 25305 |
| Michael | Peter K. | Office of the Wyoming Attorney General | State Capitol Bldg. | | Cheyenne | WY | 82002 |
| Ale | Talauega Eleasalo V. | American Samoa Attorney General | P.O. Box 7 | Tut Atua Tupua Tamasese Efi Building | Apia | AS | 96799 |
| Barrett-Anderson | Elizabeth | Office of the Attorney General, ITC Building | 590 S. Marine Corps Drive | Suite 706 | Tamuning | Guam | 96913 |
| Manibusan | Edward | Northern Mariana Islands Attorney General | Administration Building | PO Box 10007 | Saipan | MP | 96950-8907 |
| Vazquez Garced | Wanda | Puerto Rico Attorney General | P.O. Box 902192 | | San Juan | PR | 00902-0192 |
| Walker | Claude E. | Virgin Islands Attorney General, Department of Justice | 34-38 Kronprindsens Gade | GERS Bldg, 2nd Floor | St. Thomas | VI | 00802 |
| Skilling | April Dawn | Office of the Secretary | Department of Justice for the Federated States of Micronesia | P.O. Box PS 105 | Palikir, Pohnpei | FM | 96941 |
| | | Office of the Attorney General | P.O. Box 1365 | | Koror | PW | 96940 |
| | | Office of the Attorney General | P.O. Box 890 | | Majuro | MH | 96960 |
| Clayton | Jay | U.S. Securities and Exchange Commission | SEC Headquarters | 100F Street, NE | Washington | DC | 20549 |
| Riemer | Yosef J. | Kirkland & Ellis LLP | | 601 Lexington Avenue | New York | NY | 10022 |
| Solum | Matthew | Kirkland & Ellis LLP | | 601 Lexington Avenue | New York | NY | 10022 |
| Shah | Shaunak | Kirkland & Ellis LLP | | 601 Lexington Avenue | New York | NY | 10022 |
| Reddish | Marguel | Kirkland & Ellis LLP | | 300 North LaSalle | Chicago | IL | 60654 |
| Goldstein | Jonah H. | Robbins Geller Rudman & Dowd LLP | | 655 West Broadway, Suite 1900 | San Diego | CA | 92101 |
| Rudman | Samuel H. | Robbins Geller Rudman & Dowd LLP | | 58 South Service Road, Suite 200 | Melville | NY | 11747 |
| Karam | Francis P. | Robbins Geller Rudman & Dowd LLP | | 58 South Service Road, Suite 200 | Melville | NY | 11747 |
| Gerson | Robert D. | Robbins Geller Rudman & Dowd LLP | | 58 South Service Road, Suite 200 | Melville | NY | 11747 |
| Rojas | Thalia | KCC | | 462 S. 4th St. | Louisville | KY | 40202 |

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| WILLIAM SPONN, Individually and on Behalf of All Others Similarly Situated, ) ) | No. 8:16-cv-02625-RWT |
| Plaintiff, ) ) | <u>CLASS ACTION</u> |
| vs. ) ) ) | |
| EMERGENT BIOSOLUTIONS INC., et al., ) ) | |
| Defendants. ) ) | |

**AMENDED NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

**TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED EMERGENT BIOSOLUTIONS INC. ("EMERGENT" OR THE "COMPANY") PUBLICLY-TRADED COMMON STOCK LISTED ON THE NEW YORK STOCK EXCHANGE DURING THE PERIOD FROM JANUARY 11, 2016, THROUGH AND INCLUDING JUNE 21, 2016, OR THEIR SUCCESSORS-IN-INTEREST (THE "SETTLEMENT CLASS PERIOD")**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.   YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR LEGAL RIGHTS WILL BE AFFECTED WHETHER OR NOT YOU ACT.  PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED (IF MAILED) OR RECEIVED (IF SUBMITTED ONLINE) ON OR BEFORE FEBRUARY 16, 2019**.

This Amended Notice of Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Maryland (the "Court").[1] The purpose of this Notice is to inform you of:  (i) the pendency of this class action (the "Litigation") between Lead Plaintiffs City of Cape Coral Municipal Firefighters' Retirement Plan and City of Sunrise Police Officers' Retirement Plan and Class Representative Geoffrey L. Flagstad (collectively, "Plaintiffs") and Defendants Emergent, Fuad El-Hibri, Daniel J. Abdun-Nabi, Robert G. Kramer, and Adam R. Havey ("Defendants"); (ii) the proposed $6.5 million settlement reached therein (the "Settlement"); and (iii) the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for fees, costs, and expenses (which may include Plaintiffs' reimbursement for their time and expenses representing the Settlement Class).  This Notice describes what steps you may take in relation to the Settlement and this class action.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement.  **Proofs of Claim must be postmarked (if mailed) or received (if submitted online) on or before February 16, 2019.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION** | Get no payment.  This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against any of the Defendants or any other Released Persons about the legal claims being resolved by this Settlement.  Any prosecution of those legal claims shall be entirely at your expense and excludes you from any distributions from the Settlement Fund.  **Exclusions must be postmarked on or before December 26, 2018.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION** | Write to the Court about any objections you may have to the Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses.  You will still be a Member of the Settlement Class.  **Objections must be *received* by the Court and counsel for the Settling Parties on or before December 26, 2018.** |
| **GO TO THE HEARING ON JANUARY 22, 2019, AND FILE A NOTICE OF INTENTION TO APPEAR** | Ask to speak in Court about the fairness of the Settlement.  **Requests to speak must be *received* by the Court and counsel for the Settling Parties on or before December 26, 2018. If you submit a written objection, you may (but you do not have to) attend the hearing.** |

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated October 16, 2018 (the "Stipulation"), which is available on the website www.EmergentSecuritiesLitigation.com.

| DO NOTHING | Receive no payment. You will, however, still be a Member of the Settlement Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |
|---|---|

## SUMMARY OF THIS NOTICE

### Description of the Litigation and the Settlement Class

This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants violated the federal securities laws by making false and misleading statements regarding Emergent during the Settlement Class Period. A more detailed description of the Litigation is set forth on pages 3-4 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined on page 5 below.

### Statement of Settlement Class Recovery

Pursuant to the Settlement described herein, a $6.5 million settlement fund has been established (the "Settlement Amount"). The Settlement Amount and any interest earned thereon is the "Settlement Fund." The Settlement Fund, less (a) any taxes, (b) any Notice and Administration Expenses, and (c) any attorneys' fees and litigation expenses awarded by the Court, will be distributed to Settlement Class Members in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 9-12 below. Based on Plaintiffs' estimate of the number of shares of Emergent publicly-traded common stock damaged during the Settlement Class Period, the average distribution per share under the Plan of Allocation is roughly $0.63, before deduction of any taxes on the income earned on the Settlement Fund, Notice and Administration Expenses, and allowable attorneys' fees and expenses as determined by the Court. **Settlement Class Members should note, however, that these are only estimates.** A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Settlement Class Members who submit acceptable Proofs of Claim. An individual Settlement Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages 9-12 below for more information on the calculation of your claim.

### Statement of Potential Outcome of Case

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged. Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Emergent publicly-traded common stock was allegedly artificially inflated (if at all) during the Settlement Class Period; (4) the amount, if any, by which the price of Emergent publicly-traded common stock was allegedly artificially inflated (if at all) during the Settlement Class Period; (5) the effect of various market forces on the price of Emergent publicly-traded common stock at various times during the Settlement Class Period; (6) the extent to which external factors influenced the price of Emergent publicly-traded common stock at various times during the Settlement Class Period; (7) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the price of Emergent publicly-traded common stock at various times during the Settlement Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the price of Emergent publicly-traded common stock at various times during the Settlement Class Period.

### Statement of Attorneys' Fees and Expenses Sought

Lead Counsel, on behalf of all counsel for Plaintiffs, will apply to the Court for an award of attorneys' fees not to exceed thirty-three percent (33%) of the Settlement Amount, plus expenses not to exceed $300,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. Since the Litigation's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class they would be paid from such recovery. In addition, as part of that application, Plaintiffs may seek reimbursement of their time and expenses in representing the Settlement Class in an amount not to exceed $50,000 in the aggregate. The requested attorneys' fees and expenses amount to an average cost of approximately $0.24 per allegedly damaged Emergent common share. The average cost per damaged share will vary depending on the number of acceptable Proofs of Claim submitted.

### Further Information

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-800-403-4561, or visit the website www.EmergentSecuritiesLitigation.com.

You may also contact a representative of Lead Counsel for the Settlement Class: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial and likely appeals, a process that could last several years into the future.

For Defendants, who have denied, and continue to deny, all allegations of liability, fault or wrongdoing whatsoever in connection with this matter, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| | |
|---|---|
| **1.** | **Why did I get this Notice package?** |

This Notice was sent to you pursuant to an Order of a U.S. Federal Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Emergent publicly-traded common stock on the New York Stock Exchange during the Settlement Class Period.

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them and how to get them.

The Court in charge of the Litigation is the United States District Court for the District of Maryland (the "Court"), and the case is known as *Sponn v. Emergent BioSolutions Inc., et al.*, No. 8:16-cv-02625-RWT. The case has been assigned to the Honorable Roger W. Titus. The pension funds and individual representing the Settlement Class are the "Plaintiffs," and the company and individuals they sued, who have now settled, are called the "Defendants."

This Notice does not imply that there has been or would be a finding of a violation of the law or that recovery could be had in any amount if the Litigation were not settled.

| | |
|---|---|
| **2.** | **What is this lawsuit about and what has happened?** |

The Litigation is pending before the Honorable Roger W. Titus in the United States District Court for the District of Maryland (the "Court"). The initial complaint in this action was filed on July 19, 2016. ECF No. 1. On October 25, 2016, the Court appointed Lead Plaintiffs and Lead Counsel. ECF No. 22.

Plaintiffs allege that Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 by, *inter alia*, issuing false and misleading statements or failing to disclose material adverse facts about the Company and its financial prospects. Specifically, Plaintiffs allege that Defendants made material misrepresentations and/or omissions to the investing public regarding the renewal of Emergent's BioThrax procurement contract with the United States Government. ECF No. 23 at ¶¶42, 47, 83, 86-87, 89, 91, 93-94, 96, 98, 100, 102, 104. Plaintiffs allege that Defendants led the market to expect a renewed BioThrax contract calling for significantly increased doses compared to the contract in existence at the time, which called for 44.75 million doses over a five-year period. *Id.* Plaintiffs further allege that as a result of Defendants' false and misleading statements and omissions, Emergent's stock traded at artificially inflated prices during the Settlement Class Period. *Id.*, ¶¶69, 117, 123, 125, 137.

On June 21, 2016, the Centers for Disease Control ("CDC") issued an official solicitation notice indicating that it intended to renew its sole-source procurement contract for 29.4 million doses of BioThrax over the following five years. ECF No. 37 at 6. On the same day, the Department of Health and Human Services issued a request for a proposal for a next-generation vaccine that could result in a five-year contract for the advanced development and procurement of up to 27 million doses. *Id.* On June 22, 2016, Emergent announced the next-generation proposal and that the CDC issued the official solicitation notice and stated that the Government sought "the continued procurement of 29.4 million doses of BioThrax" in total, over a five-year period. ECF No. 23, ¶118. Plaintiffs allege the solicitation notice with respect to BioThrax was significantly fewer doses than the number of BioThrax doses Defendants led the market to believe the U.S. Government sought to purchase for the renewed contract. *Id.*, ¶¶7, 58, 118. Plaintiffs allege that in response to this news, the price of Emergent's common stock fell approximately $8 per share – roughly 20% – from a close of $39.32 per share on the evening of June 21, 2016, to a close of $31.33 per share on June 22, 2016. *Id.*, ¶¶8, 60. Defendants deny all of Plaintiffs' allegations.

On December 27, 2016, Lead Plaintiffs filed their Amended Complaint for Violations of the Federal Securities Law (the "Complaint"), alleging a class period of January 11, 2016 to June 21, 2016. ECF No. 23. On February 27, 2017, Defendants moved to dismiss the Complaint. ECF Nos. 36-37. Lead Plaintiffs filed an opposition to Defendants' motion to dismiss on April 28, 2017 (ECF Nos. 41-42), and Defendants filed their reply brief on May 30, 2017. ECF No. 43. After oral argument, the Court denied Defendants' motion to dismiss the Complaint on July 7, 2017, but said that the statements between January 11, 2016 and May 5, 2016 were not actionable. ECF No. 46. Defendants answered the Complaint on July 28, 2017. ECF No. 49.

On December 20, 2017, Lead Plaintiffs and Class Representative Geoffrey L. Flagstad filed their amended motion for class certification. ECF Nos. 68-74. Defendants deposed Lead Plaintiffs, Mr. Flagstad, and Plaintiffs' class certification expert, and filed their opposition to the motion on January 16, 2018. ECF Nos. 78-80. Defendants also moved to strike the opinion of Plaintiffs' class certification expert. ECF Nos. 81-84. Plaintiffs deposed Defendants' class certification expert and filed their reply to the motion for class certification and their opposition to the motion to strike on February 16, 2018. ECF Nos. 87-90.

On March 12, 2018, Defendants filed their reply in support of their motion to exclude Plaintiffs' class certification expert. ECF Nos. 91-92. The Court held a hearing on the motions on May 2, 2018, and directed the parties to provide it with certain additional information. That information was provided by Plaintiffs on May 14, 2018 (ECF No. 94), and responded to by Defendants on May 18, 2018. ECF No. 95. On June 8, 2018, the Court granted the amended motion for class certification, certifying a class of persons who bought shares of Emergent stock during the period of May 5, 2016 through June 21, 2016, and denied Defendants' motion to strike. ECF Nos. 96-97. Plaintiffs have indicated that they intend to ask the Court for leave to file a Second Amended Complaint or motion to extend the class period to persons who bought shares of Emergent stock during the period of January 11, 2016 through June 21, 2016, based on information obtained in discovery. Defendants maintain that discovery has not changed the circumstances that led to the shortening of the class period in the first instance, but are settling the broader class period in recognition of the potential risk that the Court may broaden the class period based on the statement it made when it shortened the class period: "[C]ertification based on the shortened Class Period does not mean that the parties cannot at a later date move this Court to expand the Class Period to include statements made between January 11, 2016 and May 5, 2016, should they later be found to be actionable based on information obtained in discovery." ECF No. 96 at 6.

The parties engaged in extensive fact discovery, with the production, review and analysis of over 93,000 pages of documents produced by Defendants and third parties. Plaintiffs also took the depositions of several representatives of Emergent on a variety of topics.

In an effort to conserve judicial resources, save litigation expenses, and attempt to settle the Litigation, the parties engaged the services of Jed Melnick, Esq. of JAMS, a nationally recognized mediator. The parties prepared and exchanged detailed mediation statements and engaged in a full-day in-person mediation session with Mr. Melnick on August 27, 2018. The parties negotiated in good faith through Mr. Melnick and reached an agreement in principle to settle the Litigation on the terms set forth herein.

Plaintiffs believe, based on their investigation and discovery to date, that the claims have merit. However, Plaintiffs and their counsel acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiffs and their counsel believe that the Settlement described herein confers substantial benefits upon the Settlement Class. Based on their evaluation, Plaintiffs and their counsel have determined that the Settlement set forth in the Stipulation and described herein is in the best interests of Plaintiffs and the Settlement Class.

Throughout this Litigation, Defendants have denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants maintain that the statements that Plaintiffs challenged were non-actionable, future projections for which Defendants had multiple reasonable bases to substantiate their statements, and, therefore, cannot form the basis of any liability.

Defendants have expressly denied, and continue to deny, that they have committed any act or omission giving rise to any liability under §10(b) or §20(a) of the Securities Exchange Act of 1934. Specifically, Defendants maintain that the challenged statements are non-actionable because they were projections for which Defendants had multiple reasonable bases in support, including, but not limited to: (1) BioThrax was (and still is) the only FDA-licensed anthrax vaccine; (2) the Government's stated goal from stockpiling BioThrax was to be able to protect 25 million lives, and at all relevant times, the Government was well below that goal; and (3) the Government had signed a series of previous contracts with Emergent, each calling for a larger number of doses than the previous one, and had just invested over $100 million to more than double Emergent's manufacturing capacity. ECF No. 37 at 2-3. And Defendants maintain that the Government's ultimate procurement of anthrax vaccine from Emergent was positive, including because: (1) on September 30, 2016, Emergent was awarded a contract for Emergent's next-generation anthrax vaccine valued at up to $1.5 billion; (2) on December 8, the Government and Emergent executed the follow-on BioThrax procurement contract valued at up to $911 million; and (3) also on December 8, the Government announced its intent to award a separate BioThrax procurement contract valued at up to $100 million. ECF No. 91 at 13-15. Also, Defendants expressly have denied, and continue to deny, each and all of the claims alleged by Plaintiffs in the Litigation, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. ECF No. 49 at 33-36. Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Settlement Class have suffered any damage, or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Litigation or that could have been alleged as part of the Litigation. Id. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

As set forth below, neither the Settlement nor any of the terms of the Stipulation shall in any event be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, liability, wrongdoing, or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants are entering into this Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

| 3. | Why is there a settlement? |

The Court has not decided in favor of Defendants or in favor of Plaintiffs.  Instead, both sides agreed to the Settlement to avoid the distraction, costs and risks of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Settlement Class Member.

| 4. | How do I know if I am a Member of the Settlement Class? |

The Court directed that for purposes of settlement, everyone who fits this description is a Settlement Class Member: *all Persons who purchased or otherwise acquired Emergent publicly-traded common stock listed on the New York Stock Exchange during the period from January 11, 2016, through and including June 21, 2016, or their successors-in-interest* except those Persons and entities that are excluded.

Excluded from the Settlement Class are:  Emergent; the Individual Defendants; members of the Immediate Family of each of the Individual Defendants; the Officers and directors of Emergent during the Settlement Class Period; the heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person has or had a controlling interest.  Also excluded from the Settlement Class are any Persons who would otherwise be Settlement Class Members who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before February 16, 2019.

| 5. | What if I am still not sure if I am included? |

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at 1-800-403-4561, or you can fill out and return the Proof of Claim enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay (or cause to be paid) $6.5 million in cash to be distributed after taxes, fees, and expenses, *pro rata*, to Settlement Class Members who send in or submit a valid Proof of Claim pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |

Your share of the Net Settlement Fund will depend on several things, including the total amount of claims represented by the valid Proofs of Claim that Settlement Class Members send in or submit, compared to the amount of your claim, all as calculated under the Plan of Allocation discussed below, and when you purchased or acquired your Emergent common stock, and, if you sold it, when you sold your shares.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | How can I get a payment? |

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim.  A Proof of Claim is enclosed with this Notice or it may be downloaded at www.EmergentSecuritiesLitigation.com.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it and **mail or submit it online so that it is postmarked (if mailed) or received (if submitted online) no later than February 16, 2019.**  The Proof of Claim may be submitted online at www.EmergentSecuritiesLitigation.com.

| 9. | When would I get my payment? |

**The Court will hold a Settlement Hearing on January 22, 2019, at 10:00 a.m. ET,** to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved and, if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Settlement Class? |
|---|---|

Unless you timely and validly exclude yourself, you will remain a Settlement Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all claims, causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorneys' fees, of every nature and description whatsoever that were, may have been, or could have been asserted in the Litigation and whether direct or indirect, now known or unknown, suspected or unsuspected, accrued or unaccrued, in law or in equity, whether having arisen or yet to arise, including, without limitation, any claims of violations of federal or state securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations that have been alleged or asserted or could have been alleged or asserted now or in the future by Plaintiffs or any Settlement Class Member against Defendants or any of the Released Persons in this Litigation or in any court action or before any administrative body, tribunal, arbitration panel, or other adjudicative body, arising out of, relating to, or in connection with both (a) the purchase, acquisition or sale of Emergent publicly-traded common stock listed on the New York Stock Exchange during the Settlement Class Period, and (b) the acts, facts, matters, allegations, transactions, events, disclosures, occurrences, representations, statements, acts, or omissions or failures to act that were alleged, may have been alleged, or that could have been alleged in the Litigation against the Released Persons.  "Released Claims" does not include claims to enforce the Settlement.  "Released Claims" includes "Unknown Claims" as defined below.

- "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

- "Released Persons" means each and all of the Defendants and their Related Parties.

- "Related Parties" means each Defendant's respective former, present or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, Immediate Family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

- "Unknown Claims" means any and all Released Claims which Plaintiffs, Plaintiffs' Counsel, or any Settlement Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons and any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs, Plaintiffs' Counsel, or any Settlement Class Members, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, Plaintiffs, Plaintiffs' Counsel or Settlement Class Members, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Persons, Plaintiffs, Plaintiffs' Counsel, or Settlement Class Members.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Settling Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Settling Parties shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now

knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but the Settling Parties shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential term of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. Should you elect to be excluded from the Settlement Class to pursue your own lawsuit, please be aware that you would be responsible for all expenses associated with any such action, and you would not be entitled to any distribution from the Settlement Fund.

| | |
|---|---|
| **11.** | **How do I opt out of the Settlement Class and the proposed Settlement?** |

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *Emergent BioSolutions Securities Settlement*." You **cannot** exclude yourself by telephone or e-mail. Your letter must include your purchases, acquisitions, and sales of Emergent publicly-traded common stock listed on the New York Stock Exchange during the Settlement Class Period, including the dates, the number of shares of Emergent common stock purchased, acquired or sold and price paid or received for each such purchase, acquisition or sale. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than December 26, 2018** to:

*Emergent Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
EXCLUSIONS
3301 Kerner Blvd.
San Rafael, CA 94901

Your exclusion request must comply with these requirements in order to be valid and effective. Lead Counsel or the Claims Administrator may, at their discretion, request from any person or entity requesting exclusion documentation sufficient to prove his, her, or its purchases, acquisitions and/or sales of Emergent publicly-traded common stock during the Settlement Class Period.

If you ask to be excluded, you will not receive any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons about the Released Claims in the future.

Emergent has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be Members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

| | |
|---|---|
| **12.** | **If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later?** |

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Persons for any and all Released Claims (regardless of whether or not you submit a Proof of Claim). If you have a pending lawsuit against the Released Persons speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is **December 26, 2018**.

| | |
|---|---|
| **13.** | **If I exclude myself, can I get money from the proposed Settlement?** |

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But, if you do exclude yourself, you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Persons, at your own expense.

**THE LAWYERS REPRESENTING YOU**

---

**14.    Do I have a lawyer in this case?**

---

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Settlement Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

---

**15.    How will the lawyers be paid?**

---

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty-three percent (33%) of the Settlement Amount and for expenses and costs in an amount not to exceed $300,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or any part of it.

---

**16.    How do I tell the Court that I object to the proposed Settlement?**

---

If you are a Settlement Class Member, and do not otherwise exclude yourself from the Settlement Class, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's fee and expense application and/or Plaintiffs' time and expense request. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement, Plan of Allocation and/or fee and expense application in the *Emergent BioSolutions Securities Settlement.* Include your name, mailing address, daytime telephone number, e-mail address and your signature, state the number of shares of Emergent publicly-traded common stock owned as of the beginning of trading on January 11, 2016 (the first day of the Settlement Class Period), identify the date(s), price(s) and number(s) of shares of Emergent publicly-traded common stock you purchased, acquired and sold during the Settlement Class Period and state your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal support for such objection. You must also include copies of documents demonstrating such purchase(s), acquisition(s) and/or sale(s). Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* no later than December 26, 2018:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court | ROBBINS GELLER | KIRKLAND & ELLIS LLP |
| UNITED STATES DISTRICT | RUDMAN & DOWD LLP | YOSEF J. RIEMER |
| COURT | ELLEN GUSIKOFF STEWART | MATTHEW SOLUM |
| DISTRICT OF MARYLAND | 655 West Broadway | 601 Lexington Avenue |
| 6500 Cherrywood Lane | Suite 1900 | New York, NY  10022 |
| Greenbelt, MD  20770 | San Diego, CA  92101 | |

Any person who fails to comply with the requirements for objecting to the Settlement will be deemed to have waived all such objections and will be foreclosed from raising any objection to the proposed Settlement or to any part thereof.

---

**17.    What is the difference between objecting and excluding?**

---

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

---

**18.    When and where will the Court decide whether to approve the proposed Settlement?**

---

The Court will hold a Settlement Hearing at **10:00 a.m. ET, on January 22, 2019**, in the Courtroom of the Honorable Roger W. Titus at the United States District Court for the District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also issue a ruling on Lead Counsel's application for attorneys' fees and expenses (which request may include an application for reimbursement for Plaintiffs' time and expenses in representing the Settlement Class in an amount not to exceed $50,000 in the aggregate). After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice

being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website www.EmergentSecuritiesLitigation.com beforehand to be sure that the date and/or time has not changed.

| 19. | Do I have to come to the hearing? |
|---|---|

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but that is not necessary.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Emergent BioSolutions Securities Settlement.*"  Persons who intend to object to the Settlement, the Plan of Allocation and/or any attorneys' fees and expenses to be awarded to Lead Counsel (including any reimbursement to Plaintiffs for their time and expenses representing the Settlement Class) and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing.  Your notice of intention to appear must be *received* no later than December 26, 2018, and addressed to the Clerk of Court, Lead Counsel and Defendants' counsel at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

**IF YOU DO NOTHING**

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case, ever again.

**GETTING MORE INFORMATION**

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-800-403-4561.  Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other Settlement-related papers filed in the Litigation, which are posted on the Settlement website www.EmergentSecuritiesLitigation.com, and may be inspected at the Office of the Clerk of the United States District Court for the District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770, during regular business hours.  For a fee, all papers filed in this Litigation are available at www.pacer.gov.  **DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

| How will my claim be calculated? |
|---|

1.      As discussed above, the Settlement provides $6.5 million in cash for the benefit of the Settlement Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Settlement Class Members who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation") or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www.EmergentSecuritiesLitigation.com.

2.      The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

3.      The Plan of Allocation was developed in consultation with Plaintiffs' damages consultant.  In developing the Plan of Allocation, Plaintiffs' damages consultant calculated the estimated amount of alleged artificial inflation in the per share

prices of Emergent publicly-traded common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions.  In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Plaintiffs' damages consultant considered price changes in Emergent common stock in reaction to the public disclosure that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market or industry forces, and for non-fraud related Emergent-specific information.  The Plan of Allocation also reflects the statutory Private Securities Litigation Reform Act of 1995 ("PSLRA") 90-day look-back amount of $29.10.[2]

## CALCULATION OF RECOGNIZED LOSS AMOUNT

4.      Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Emergent publicly-traded common stock during the Settlement Class Period that is listed on the Proof of Claim and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

### Emergent BioSolutions Inc.

### CUSIP: 29089Q105

| Inflation Period | Inflation per Share |
|---|---|
| January 11, 2016 – May 4, 2016[3] | $0.76 |
| May 5, 2016 – June 21, 2016 | $7.59 |

For shares of Emergent publicly-traded common stock **purchased, or acquired, on or between January 11, 2016 through May 4, 2016**, the recovery per share shall be as follows:

a)      If sold on or before June 21, 2016, the recovery shall be $0.00.

b)      If retained at the close of trading on June 21, 2016 and sold on or before September 19, 2016, the recovery shall be the least of:  (i) the inflation at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in the table below.

c)      If retained at the close of trading on September 19, 2016, or sold thereafter, the recovery shall be the lesser of: (i) the inflation at the time of purchase; and (ii) the difference between the purchase price and $29.10.

For shares of Emergent publicly-traded common stock **purchased, or acquired, on or between May 5, 2016 through June 21, 2016**, the recovery per share shall be as follows:

a)      If sold on or before June 21, 2016, the recovery shall be $0.00.

b)      If retained at the close of trading on June 21, 2016 and sold on or before September 19, 2016, the recovery shall be the least of:  (i) the inflation at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in the table below.

c)      If retained at the close of trading on September 19, 2016, or sold thereafter, the recovery shall be the lesser of: (i) the inflation at the time of purchase; and (ii) the difference between the purchase price and $29.10.

| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|---|
| 6/22/2016 | $31.33 | $31.33 | | 8/5/2016 | $29.78 | $30.67 |
| 6/23/2016 | $30.65 | $30.99 | | 8/8/2016 | $29.77 | $30.64 |
| 6/24/2016 | $29.34 | $30.44 | | 8/9/2016 | $29.63 | $30.61 |
| 6/27/2016 | $27.24 | $29.64 | | 8/10/2016 | $27.44 | $30.52 |

---

[2]      Pursuant to Section 21(D)(e)(1) of the PSLRA, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  15 U.S.C. §78u-4(e)(1).  $29.10 was the mean (average) daily closing trading price of Emergent publicly-traded common stock during the 90-day period beginning on June 22, 2016 and ending on September 19, 2016.

[3]      The inflation per share of $0.76 for the period between January 11, 2016 through May 4, 2016 reflects a 90% reduction in the $7.59 per share inflation amount for the period between May 5, 2016 through June 21, 2016.  This reduction was made because the Court did not uphold claims related to the earlier time period as reflected in the Court's order on Defendants' motion to dismiss.  ECF Nos. 46, 97.

| | | | | | | |
|---|---|---|---|---|---|---|
| 6/28/2016 | $28.32 | $29.38 | | 8/11/2016 | $27.60 | $30.44 |
| 6/29/2016 | $28.17 | $29.18 | | 8/12/2016 | $26.87 | $30.34 |
| 6/30/2016 | $28.12 | $29.02 | | 8/15/2016 | $27.42 | $30.26 |
| 7/1/2016 | $28.71 | $28.99 | | 8/16/2016 | $26.56 | $30.17 |
| 7/5/2016 | $28.78 | $28.96 | | 8/17/2016 | $26.90 | $30.09 |
| 7/6/2016 | $29.30 | $29.00 | | 8/18/2016 | $27.92 | $30.03 |
| 7/7/2016 | $29.58 | $29.05 | | 8/19/2016 | $28.01 | $29.99 |
| 7/8/2016 | $30.04 | $29.13 | | 8/22/2016 | $27.77 | $29.93 |
| 7/11/2016 | $30.47 | $29.23 | | 8/23/2016 | $27.63 | $29.88 |
| 7/12/2016 | $31.51 | $29.40 | | 8/24/2016 | $27.06 | $29.82 |
| 7/13/2016 | $30.74 | $29.49 | | 8/25/2016 | $27.25 | $29.76 |
| 7/14/2016 | $30.79 | $29.57 | | 8/26/2016 | $27.59 | $29.72 |
| 7/15/2016 | $31.18 | $29.66 | | 8/29/2016 | $27.46 | $29.67 |
| 7/18/2016 | $31.27 | $29.75 | | 8/30/2016 | $27.06 | $29.62 |
| 7/19/2016 | $30.30 | $29.78 | | 8/31/2016 | $26.65 | $29.56 |
| 7/20/2016 | $31.80 | $29.88 | | 9/1/2016 | $26.41 | $29.50 |
| 7/21/2016 | $32.30 | $30.00 | | 9/2/2016 | $26.90 | $29.45 |
| 7/22/2016 | $32.34 | $30.10 | | 9/6/2016 | $27.35 | $29.41 |
| 7/25/2016 | $33.24 | $30.24 | | 9/7/2016 | $27.69 | $29.38 |
| 7/26/2016 | $33.44 | $30.37 | | 9/8/2016 | $27.86 | $29.35 |
| 7/27/2016 | $33.78 | $30.51 | | 9/9/2016 | $26.71 | $29.30 |
| 7/28/2016 | $32.85 | $30.60 | | 9/12/2016 | $27.55 | $29.27 |
| 7/29/2016 | $33.39 | $30.70 | | 9/13/2016 | $26.81 | $29.23 |
| 8/1/2016 | $30.97 | $30.71 | | 9/14/2016 | $26.95 | $29.19 |
| 8/2/2016 | $30.47 | $30.70 | | 9/15/2016 | $27.45 | $29.16 |
| 8/3/2016 | $30.42 | $30.69 | | 9/16/2016 | $27.49 | $29.13 |
| 8/4/2016 | $30.69 | $30.69 | | 9/19/2016 | $26.99 | $29.10 |

## ADDITIONAL PROVISIONS

1.    Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 4 below) is $10.00 or greater.

2.    If a claimant has more than one purchase, acquisition or sale of Emergent publicly-traded common stock, purchases, acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

3.    A claimant's "Recognized Loss Amount" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

4.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Loss Amounts.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Loss Amount divided by the total Recognized Loss Amounts of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

5.    Purchases, acquisitions, and sales of Emergent publicly-traded common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Emergent publicly-traded common stock during the Settlement Class Period will not be deemed a purchase, acquisition, or sale of Emergent publicly-traded common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Emergent publicly-traded common stock unless:  (i) the donor or decedent purchased or otherwise acquired the shares during the Settlement Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

6.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Emergent publicly-traded common stock.  The date of a "short sale" is deemed to be the date of sale of Emergent publicly-traded common

stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Emergent publicly-traded common stock, his, her, or its earliest Settlement Class Period purchases or acquisitions of Emergent publicly-traded common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

      7.      Option contracts are not securities eligible to participate in the Settlement. With respect to shares of Emergent publicly-traded common stock purchased or sold through the exercise of an option, the purchase/sale date of the Emergent publicly-traded common stock is the exercise date of the option and the purchase/sale price of the Emergent publicly-traded common stock is the exercise price of the option.

      8.      After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund six (6) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel.

      9.      Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages consultant, Defendants, Defendants' counsel, or the Claims Administrator or other agent designated by Lead Counsel, Defendants, or Defendants' counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Released Persons, shall have no responsibility or liability whatsoever for the investment of the Settlement Fund or distribution of the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Proof of Claim or nonperformance of the Claims Administrator; the payment or withholding of taxes; or any losses incurred in connection therewith.

      10.      The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Settlement Class Member or claimant. Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

      11.      Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Proof of Claim. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

      If you purchased or acquired Emergent publicly-traded common stock listed on the New York Stock Exchange during the Settlement Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) BUSINESS DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such securities during such time period; or (b) request additional copies of this Notice and the Proof of Claim, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Settlement Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Emergent Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 404093
Louisville, KY  40233-4093
www.EmergentSecuritiesLitigation.com

DATED:  October 25, 2018

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| WILLIAM SPONN, Individually and on Behalf of All Others Similarly Situated, ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> EMERGENT BIOSOLUTIONS INC., et al., ) <br><br> Defendants. ) | No. 8:16-cv-02625-RWT <br><br> <u>CLASS ACTION</u> |

### PROOF OF CLAIM AND RELEASE

### I.      GENERAL INSTRUCTIONS

1.      To recover as a Member of the Settlement Class based on your claims in the action entitled *Sponn v. Emergent BioSolutions Inc., et al.*, No. 8:16-cv-02625-RWT (the "Litigation"), you must complete and, on page 6 hereof, sign this Proof of Claim and Release form ( "Proof of Claim").  If you fail to submit a timely and properly addressed (as set forth in paragraph 2 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      **YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN FEBRUARY 16, 2019, ADDRESSED AS FOLLOWS:**

*Emergent Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 404093
Louisville, KY  40233-4093
Online Submissions:  www.EmergentSecuritiesLitigation.com

3.      If you are NOT a Member of the Settlement Class, as defined in the Amended Notice of Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.      If you are a Member of the Settlement Class and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.      It is important that you completely read and understand the Notice that accompanies this Proof of Claim, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim.  By signing and submitting this Proof of Claim, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described and provided for herein.

6.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

### II.      CLAIMANT IDENTIFICATION

If you purchased or acquired Emergent BioSolutions Inc. ("Emergent") publicly-traded common stock listed on the New York Stock Exchange and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased or acquired Emergent common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Emergent common stock that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE EMERGENT COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

Separate Proofs of Claim should be submitted for each separate legal entity (for example, a claim by joint owners should not include the transactions of just one of the joint owners, and an individual should not submit one claim that combines his or her IRA transactions with transactions made solely in the individual's name). Conversely, a combined Proof of Claim should be submitted on behalf of each legal entity (including an individual) that includes all transactions made by that entity, no matter how many separate accounts that entity has (for example, a corporation/individual with multiple brokerage accounts should include all transactions made in Emergent common stock during the Settlement Class Period on one Proof of Claim, no matter in how many accounts the transactions were made).

All joint purchasers or acquirers must sign this Proof of Claim. Executors, administrators, guardians, conservators and trustees or others acting in a representative capacity on behalf of a Settlement Class Member must complete and sign this Proof of Claim on behalf of persons represented by them, and submit evidence of their current authority to act on behalf of that Settlement Class Member, including that your titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Emergent Publicly-Traded Common Stock" to supply all required details of your transaction(s) in Emergent common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Emergent publicly-traded common stock which took place during the period January 11, 2016, through and including September 19, 2016, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the shares of Emergent publicly-traded common stock you held at the close of trading on January 10, 2016, June 21, 2016, and September 19, 2016. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Emergent publicly-traded common stock. The date of a "short sale" is deemed to be the date of sale of Emergent publicly-traded common stock.

For each transaction, copies of broker confirmations or other documentation of your transactions in Emergent publicly-traded common stock should be attached to your Proof of Claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

A purchase, acquisition or sale of Emergent publicly-traded common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date; please provide any "contract" or "trade" dates in your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. This is different from the online submission process that is available at www.EmergentSecuritiesLitigation.com. All claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.

**Must Be Postmarked (if Mailed)
or Received (if Submitted Online)
No Later Than February 16, 2019**

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

*Sponn v. Emergent BioSolutions Inc., et al.*

No. 8:16-cv-02625-RWT

**PROOF OF CLAIM AND RELEASE**

<u>Please Type or Print in the Boxes Below</u>
Do <u>NOT</u> use Red Ink, Pencil, or Staples

# EEB

**PART I: CLAIMANT IDENTIFICATION**

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA        ○ Joint Tenancy        ○ Employee        ○ Individual        ○ Other_____
(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number        Taxpayer Identification Number

or        —

Telephone Number (Primary Daytime)        Telephone Number (Alternate)

—    —        —    —

Email Address

**MAILING INFORMATION**

Address

Address

City        State        Zip Code

Foreign Province        Foreign Postal Code        Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | | CB | | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



3

A. Number of shares of Emergent publicly-traded common stock held at the close of trading on January 10, 2016:

Proof Enclosed? ○ Y ○ N

B. Purchases or acquisitions of Emergent publicly-traded common stock (January 11, 2016 – September 19, 2016, inclusive):

PURCHASES

| Trade Date(s) of Shares (List Chronologically) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees). Please round off to the nearest whole dollar | Proof of Purchase Enclosed? |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1. | | $ . 00 | ○ Y ○ N |
| 2. | | $ . 00 | ○ Y ○ N |
| 3. | | $ . 00 | ○ Y ○ N |
| 4. | | $ . 00 | ○ Y ○ N |
| 5. | | $ . 00 | ○ Y ○ N |

IMPORTANT: (i) If any purchase listed covered a "short sale," please mark Yes: ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M / D D / Y Y Y Y   Merger Shares:   Company: _____

C. Sales of Emergent publicly-traded common stock (January 11, 2016 – September 19, 2016, inclusive):

SALES

| Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees). Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1. | | $ . 00 | ○ Y ○ N |
| 2. | | $ . 00 | ○ Y ○ N |
| 3. | | $ . 00 | ○ Y ○ N |
| 4. | | $ . 00 | ○ Y ○ N |
| 5. | | $ . 00 | ○ Y ○ N |

D. Number of shares of Emergent publicly-traded common stock held at the close of trading on June 21, 2016:

Proof Enclosed? ○ Y ○ N

E. Number of shares of Emergent publicly-traded common stock held at the close of trading on September 19, 2016:

Proof Enclosed? ○ Y ○ N

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



### IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

On behalf of myself (ourselves) and each of my (our) heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, I (we) submit this Proof of Claim under the terms of the Stipulation of Settlement ("Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of Maryland with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Emergent securities) if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Emergent publicly-traded common stock during the Settlement Class Period and know of no other person having done so on my (our) behalf.

### V.    WAIVER OF JURY TRIAL

I (We) hereby agree, to the extent permitted by applicable law, that I (we) irrevocably waive all right of a trial by jury in any action, proceeding, or counterclaim based on, or arising out of, under or in connection with the Stipulation, this release, any other document related to the Stipulation or this release, or any other matter arising hereunder or thereunder.

### VI.    RELEASE

1.    Upon the Effective Date of the Settlement, I (we) on behalf of myself (ourselves) and each of my (our) heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, acknowledge full and complete satisfaction of, and fully, finally and forever compromise, settle, release, resolve, relinquish, waive, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants and their Related Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Persons.  "Related Parties" means each Defendant's respective former, present or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, Immediate Family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

2.    "Released Claims" means any and all claims, causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorneys' fees, of every nature and description whatsoever that were, may have been, or could have been asserted in the Litigation and whether direct or indirect, now known or unknown, suspected or unsuspected, accrued or unaccrued, in law or in equity, whether having arisen or yet to arise, including, without limitation, any claims of violations of federal or state securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations that have been alleged or asserted or could have been alleged or asserted now or in the future by Plaintiffs or any Settlement Class Member against Defendants or any of the Released Persons in this Litigation or in any court action or before any administrative body, tribunal, arbitration panel, or other adjudicative body, arising out of, relating to, or in connection with both (a) the purchase, acquisition or sale of Emergent publicly-traded common stock listed on the New York Stock Exchange during the Settlement Class Period, and (b) the acts, facts, matters, allegations, transactions, events, disclosures, occurrences, representations, statements, acts, or omissions or failures to act that were alleged, may have been alleged, or that could have been alleged in the Litigation against the Released Persons.  "Released Claims" does not include claims to enforce the Settlement.  "Released Claims" includes "Unknown Claims" as defined below.

3.    "Unknown Claims" means any and all Released Claims which Plaintiffs, Plaintiffs' Counsel, or any Settlement Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons and any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs, Plaintiffs' Counsel, or any Settlement Class Members, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, Plaintiffs, Plaintiffs' Counsel or Settlement Class Members, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Persons, Plaintiffs, Plaintiffs' Counsel, or Settlement Class Members.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Settling Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Settling Parties shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their



counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but the Settling Parties shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential term of the Settlement of which this release is a part.

4.      I (We) hereby warrant and represent that I (we) have read and understand the contents of the Notice and this Proof of Claim, including the releases provided for in the Settlement and the terms of the Plan of Allocation.

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Emergent publicly-traded common stock which are the subject of this claim, which occurred during the Settlement Class Period, as well as the closing positions in such securities held by me (us) on the dates requested in this Proof of Claim.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____ in _____

                                 (Month/Year)                         (City/State/Country)

_____     _____
(Sign your name here)                                       (Sign your name here)

_____     _____
(Type or print your name here)                           (Type or print your name here)

_____     _____
(Capacity of person(s) signing, *e.g.,*                     (Capacity of person(s) signing, *e.g.,*
Beneficial Purchaser or Acquirer, Executor or Administrator)     Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Proof of Claim and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Proof of Claim please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE POSTMARKED (IF MAILED) OR RECEIVED (IF SUBMITTED ONLINE)**
**NO LATER THAN FEBRUARY 16, 2019, ADDRESSED AS FOLLOWS:**

*Emergent Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 404093
Louisville, KY  40233-4093
www.EmergentSecuritiesLitigation.com



EXHIBIT C

# Gilardi
## & Co LLC

3301 Kerner Blvd.
San Rafael, CA  94901
P: (415) 458-3015

November 16, 2018

«FirstName» «LastName»
«Company»
«Addr1»
«Addr2»
South Bend, IN 46601
«FCountry»

Re: **Emergent Securities Litigation**

Dear «GENDER» «LastName»:

Please find enclosed the Amended Notice of Proposed Settlement of Class Action and Proof of Claim and Release for the above referenced litigation. Please note both the class period and the designated eligible securities described on page one of the Notice, specifically the inclusion of all persons who purchased or otherwise acquired Emergent BioSolutions Inc. ("Emergent" or the "Company") publicly-traded common stock listed on the New York Stock Exchange during the period from January 11, 2016, through and including June 21, 2016, or their successors-in-interest (the "Settlement Class Period"). In addition, **the Notice provides that the Exclusion Deadline is December 26, 2018 and the Claim Filing Deadline is February 16, 2019.**

Please pay particular attention to the "Special Notice to Securities Brokers and Other Nominees" on page twelve of the Notice. Please do not make your own copies of the Proof of Claim Form, as copies may not be accepted for processing. Additional copies of the appropriate documents may be requested by contacting us at the above address and/or phone number.

If we conduct the necessary mailing on your behalf, please submit names and addresses either via email to Notifications@Gilardi.com, via CD Rom to the above address or contact (415) 458-3015 to obtain secure FTP transmission instructions. Mailing labels will be accepted, but you may be requested to provide an additional copy of the address information you send.  Do not include any confidential information that should not appear on a mailing label.

The data provided must be in one of the following formats:
- ASCII Fixed Length file
- ASCII Tab Delimited file
- Microsoft Excel spreadsheet

Your request must also specify the case name and Control Total(s) (for example, the total number of name and address records provided) for each file submission.

If you have any questions, please call (415) 458-3015.

Sincerely,

Gilardi and Company, LLC

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on November 20, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ Jonah H. Goldstein
JONAH H. GOLDSTEIN

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  JonahG@rgrdlaw.com

# Mailing Information for a Case 8:16-cv-02625-RWT City of Cape Coral Municipal Firefighters' Retirement Plan et al v Emergent Biosolutions, Inc., HQ et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Robert D Gerson**
  rgerson@rgrdlaw.com

- **Jonah H Goldstein**
  jonahg@rgrdlaw.com,e_file_sd@rgrdlaw.com,susanw@rgrdlaw.com,ldeem@rgrdlaw.com

- **Francis P Karam**
  fkaram@rgrdlaw.com

- **Dana Whitehead McKee**
  dwm@browngold.com,kgates@browngold.com,dcaimona@browngold.com

- **Mark T Millkey**
  mmillkey@rgrdlaw.com,e_file_ny@rgrdlaw.com,1781895420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Yosef J. Riemer**
  yosef.riemer@kirkland.com,kenymanagingclerk@kirkland.com,ecf-0034f2ed07b9@ecf.pacerpro.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew Solum**
  msolum@kirkland.com

- **Ellen Gusikof Stewart**
  elleng@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)