UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| WILLIAM SPONN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 8:16-cv-02625-RWT |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| EMERGENT BIOSOLUTIONS INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

ORDER AND FINAL JUDGMENT

On the 22nd day of January, 2019, a hearing having been held before this Court pursuant to the Amended Order Preliminarily Approving Settlement and Providing for Notice dated October 25, 2018 (the "Preliminary Approval Order"), to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated October 16, 2018 (the "Stipulation"), are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants in the operative complaint now pending in this Court under the above caption (the "Litigation"), including the release of the Released Persons,[1] and should be approved; (2) whether judgment should be entered dismissing the Litigation on the merits and with prejudice in favor of the Defendants herein and as against all persons or entities who are Members of the Settlement Class herein who have not timely and validly requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Settlement proceeds among the Members of the Settlement Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and expenses and Plaintiffs' expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all individuals and entities, reasonably identifiable, who purchased or otherwise acquired Emergent BioSolutions Inc. ("Emergent") publicly-traded common stock on the New York Stock Exchange during the period between January 11, 2016 and June 21, 2016, inclusive (the "Settlement Class Period"), as shown by the records compiled by the Claims Administrator in connection with its mailing of the Notice, at the respective addresses set forth in such records, and that a summary notice of the hearing, substantially in the form approved by the Court, was published pursuant to the Preliminary Approval Order as set forth in the Declaration of Carole K. Sylvester, and the Supplemental Declaration of Carole K. Sylvester; and the Court having

---

[1]     All capitalized terms not defined herein have the same meaning prescribed to them in the Stipulation.

considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested by Lead Counsel.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over the Plaintiffs, all Settlement Class Members and Defendants.

2.     Notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The Court finds that the form and method of notifying the Settlement Class of the pendency of this Litigation as a class action and of the terms and conditions of the proposed Settlement: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Litigation; (ii) the effect of the proposed Settlement (including the releases to be provided thereunder); (iii) Lead Counsel's application for fees and expenses and Plaintiffs' expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's application for fees and expenses and Plaintiffs' expenses; (v) the right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), Section 21 of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the

"PSLRA"), 15 U.S.C. §78u-4, *et seq.*, as amended, and all other applicable laws and rules. No objections to the Settlement were received by the Settling Parties or the Court.

3.       Defendants have complied with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715, *et seq.* Defendants, through the Claims Administrator, timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of all States in which Members of the Settlement Class reside. The notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. §1715.

4.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of Settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.       Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of Settlement only, the class previously certified pursuant to the Court's Order of June 8, 2018 (ECF No. 97) in this Litigation is hereby modified to a Settlement Class on behalf of all Persons who purchased or otherwise acquired Emergent BioSolutions Inc. ("Emergent") publicly-

- 3 -

traded common stock listed on the New York Stock Exchange between January 11, 2016 and June 21, 2016, inclusive, or their successors-in-interest (the "Settlement Class"). Excluded from the Settlement Class are: Emergent; the Individual Defendants; members of the Immediate Family of each of the Individual Defendants; the Officers and directors of Emergent during the Settlement Class Period; the heirs, successors and assigns of any excluded person or entity; and any entity in which any excluded person has or had a controlling interest. Also excluded from the Settlement Class are those Persons who would otherwise be Settlement Class Members listed on Exhibit 1 hereto, whose requests for exclusion from the Settlement Class are hereby accepted by the Court.

6.      Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the releases provided for therein, and the dismissal with prejudice of the claims asserted in the Litigation), and finds that the Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Settlement Class. Subject to the terms and provisions of the Stipulation and the conditions therein being satisfied, the parties are directed to consummate the Settlement.

7.      All of the claims asserted in the Litigation are hereby dismissed in their entirety with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.      The terms of the Stipulation and of this Judgment shall be forever binding on Plaintiffs, Defendants, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The Persons listed on

Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

9.      The releases as set forth in ¶4 of the Stipulation (the "Releases"), together with the definitions contained in ¶1 relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

10.      Upon the Effective Date, Plaintiffs and each and all of the Settlement Class Members who have not timely opted out of the Settlement Class ("Settlement Class Releasors") are hereby permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants or any Released Persons in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim.

11.      Upon the Effective Date, Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons. Plaintiffs and each Settlement Class Member are bound by this Judgment including, without limitation, the release of claims as set forth in the Stipulation. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

12.      Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Plaintiffs, each

and all of the Settlement Class Members, and Plaintiffs' Counsel.  Claims to enforce the terms of the Stipulation, or Settlement, or claims against any Person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court are not released.

13.     Neither this Judgment, the Stipulation (whether or not consummated), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor any of its terms and provisions, nor any of the negotiations, discussions, or proceedings connected with the Stipulation, nor any act performed or document executed pursuant to or in furtherance of the Stipulation, or the Settlement (including any arguments proffered in connection therewith), nor any of the documents or statements referred to therein nor any payment or consideration provided for therein, shall be deemed to be, or argued to be offered or received:

(a)     Against any Released Persons as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Persons of the truth of any allegations by Plaintiffs or any Member of the Settlement Class or the validity of any claim that has been or could have been asserted in the Litigation or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Released Persons or in any way referred to for any other reason as against any of the Released Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     Against any Released Persons as evidence of a presumption, concession, or admission of any fault, misrepresentations or omission with respect to any statement or written

- 6 -

document approved or made by any of the Released Persons, or against Plaintiffs or any Member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class;

(c) Against any of the Released Persons, Plaintiffs, or any Member of the Settlement Class as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons, Plaintiffs or any Member of the Settlement Class with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Persons, Plaintiffs, or any Member of the Settlement Class, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation provided however, that the Released Persons, Plaintiffs, and any Member of the Settlement Class may use it to effectuate the liability protection granted them by the Stipulation;

(d) Against any of the Released Persons, Plaintiffs, or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(e) Against Plaintiffs or any Member of the Settlement Class as evidence of, or construed as evidence of, any presumption, concession, or admission by Plaintiffs or any Member of the Settlement Class that any of their claims are without merit, or that any defenses asserted by Defendants in this Litigation have any merit, or that damages recoverable in the Litigation would not have exceeded the Settlement Fund; and

(f) As evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Litigation, except for purposes of this Settlement.

14.     Notwithstanding the provisions of the preceding paragraph, the Released Persons and their respective counsel may refer to or file the Stipulation and/or this Judgment in any action that

may be brought against them in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or otherwise to enforce the terms of the Settlement.

15.     The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $6,500,000.00 to the Settlement Fund.

16.     The Court finds and concludes that the Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and/or settlement of this Litigation.

17.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Separate orders shall be entered regarding approval of a plan of allocation and Lead Counsel's application for an award of attorneys' fees and expenses.

18.     Any appeal or any challenge affecting the approval of:  (a) the Plan of Allocation submitted by Lead Counsel; and/or (b) this Court's approval regarding any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

19.     Without affecting the finality of this Judgment in any way, jurisdiction is hereby retained over Defendants, Plaintiffs and Settlement Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment, including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Members of the Settlement Class.

20.     In the event that the Settlement does not become Effective in accordance with the

terms of the Stipulation, or is terminated pursuant to ¶7.3 of the Stipulation, ¶¶7.6 and 7.8 of the

Stipulation shall apply and this Judgment shall be rendered null and void to the extent provided by

and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence

or reflected in any action or proceeding by any person or entity, and each party shall be restored to

his, her or its respective position as it existed prior to August 27, 2018.

21.     Without further order of the Court, the parties to the Stipulation are hereby authorized

to agree to and adopt such amendments or modifications of the Stipulation or any Exhibits attached

thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and

(b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

Without further order of the Court, the parties to the Stipulation may agree to reasonable extensions

of time to carry out any of the provisions of the Stipulation.

22.     There is no just reason for delay in the entry of this Judgment as a final judgment in

this Litigation and immediate entry by the Clerk of the Court is expressly directed.

DATED: _January 25, 2019_

HONORABLE ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

- 9 -

# EXHIBIT 1





RECEIVED GFC

DEC 1 4 2018

CLAIMS CENTER

# Exclusion Cover Page

Case Name: *Emergent Securities Litigation*

Case Code:  EEB

Exclusion Deadline: December 26, 2018 (Postmark Date)

Name of Person Filing Exclusion:  Edwin Houston Jr

DECEMBER 19, 2018

EMERGENT SECURITIES LITIGATION
c/o GILARDI AND Co. LLC
CLAIMS ADMINISTRATOR
EXCLUSIONS
3301 KERNER BLVD.
SAN RAFAEL, CA 94901

DEAR SIRS:
I WISH TO REQUEST EXCLUSION FROM THE
SETTLEMENT CLASS IN THE EMERGENT BIOSOLUTIONS
SECURITIES SETTLEMENT.
ENCLOSED ARE COPIES OF MY BUYING AND
SELLING OF EMERGENT BIOSOLUTIONS INC STOCK.
SIGNED: _____     SINCERELY:
                              Edwin Houston Jr.

EDWARD JONES
201 PROGRESS PARKWAY
ST LOUIS, MO. 63043-3042
TEL. 314-515-2000

# Edward Jones

## TRADE CONFIRMATION

### RETAIN FOR YOUR PERMANENT TAX RECORDS

EDWIN HOUSTON JR

YOUR FINANCIAL ADVISOR:

RANDY J. BEDWELL

BRANCH NUMBER :        07971
FINANCIAL ADVISOR #:   797111
ANY QUESTIONS CALL     (830) 249-2748

WE ARE PLEASED TO CONFIRM THE FOLLOWING TRANSACTION SUBJECT TO THE INFORMATION, DISCLOSURES, AND TERMS ON THE FRONT AND REVERSE SIDES OF THIS DOCUMENT:

IN YOUR CASH ACCOUNT

| | | | |
|---|---|---|---|
| ON TRADE DATE | 09/30/2008 | FOR SETTLEMENT DATE | 10/03/2008 |
| YOU BOUGHT | 200 SHARES | PRICE | $ 12.8020 |

DESCRIPTION:
EMERGENT BIOSOLUTIONS INC
COMMON
UNSOLICITED

| | |
|---|---|
| PRINCIPAL AMOUNT | $ 2,560.40 |
| COMMISSION | 64.01 |
| TRANSACTION FEE | 4.95 |
| TOTAL | $ 2,629.36 |

ORDER   797556624      PROCESSED ON   09/30/2008@ 13:54:47      CUSIP   29089Q105 (EBS)

WE EXECUTED THIS TRANSACTION AS YOUR AGENT.

- If the phrase "we make a mkt in this security" appears on this confirmation, we have acted as principal functioning as a secondary market maker.
- If the phrase "unsolicited" appears on this confirmation, the transaction was conducted pursuant to an unsolicited order to buy or sell placed by the client.
- For debt securities transactions, call features may exist which could affect yield; additional information available upon request.
- For zero coupon transactions, no periodic payment and callable below maturity value, without notice by mail to holder unless registered.
- If the phrase "average price" appears on this confirmation, details regarding the actual execution prices are available on request.

### THANK YOU FOR ALLOWING EDWARD JONES THE OPPORTUNITY TO SERVE YOU.

EDWARD JONES
201 PROGRESS PARKWAY
ST LOUIS, MO. 63043-3042
TEL 314-515-2000

# Edward Jones

## TRADE CONFIRMATION

### RETAIN FOR YOUR PERMANENT TAX RECORDS

EDWIN HOUSTON JR

YOUR FINANCIAL ADVISOR:

RANDY J. BEDWELL

| | |
|---|---|
| BRANCH NUMBER : | 07971 |
| FINANCIAL ADVISOR #: | 797111 |
| ANY QUESTIONS CALL | (830) 249-2748 |

WE ARE PLEASED TO CONFIRM THE FOLLOWING TRANSACTION SUBJECT TO THE INFORMATION, DISCLOSURES, AND TERMS ON THE FRONT AND REVERSE SIDES OF THIS DOCUMENT:

IN YOUR CASH ACCOUNT

| | ON TRADE DATE | 10/17/2008 | FOR SETTLEMENT DATE | 10/22/2008 | |
|---|---|---|---|---|---|
| YOU BOUGHT | | 100 SHARES | PRICE | $ | 17.0520 |
| DESCRIPTION:<br>EMERGENT BIOSOLUTIONS INC<br>COMMON | | | PRINCIPAL AMOUNT | $ | 1,705.20 |
| UNSOLICITED | | | COMMISSION | | 50.00 |
| | | | TRANSACTION FEE | | 4.95 |
| | | | TOTAL | $ | 1,760.15 |

ORDER   797559476   PROCESSED ON   10/17/2008@ 09:56:09   CUSIP   29089Q105 (EBS)

WE EXECUTED THIS TRANSACTION AS YOUR AGENT.

- If the phrase "we make a mkt in this security" appears on this confirmation, we have acted as principal functioning as a secondary market maker.
- If the phrase "unsolicited" appears on this confirmation, the transaction was conducted pursuant to an unsolicited order to buy or sell placed by the client.
- For debt securities transactions, call features may exist which could affect yield; additional information available upon request.
- For zero coupon transactions, no periodic payment and callable below maturity value, without notice by mail to holder unless registered.
- If the phrase "average price" appears on this confirmation, details regarding the actual execution prices are available on request.

THANK YOU FOR ALLOWING EDWARD JONES THE OPPORTUNITY TO SERVE YOU.

EDWARD JONES
201 PROGRESS PARKWAY
ST LOUIS, MO, 63043-3042
TEL 314-515-2000

# Edward Jones

## TRADE CONFIRMATION

### RETAIN FOR YOUR PERMANENT TAX RECORDS

EDWIN HOUSTON JR

YOUR FINANCIAL ADVISOR:

RANDY J. BEDWELL

BRANCH NUMBER : 07971
FINANCIAL ADVISOR #: 797111
ANY QUESTIONS CALL (830) 249-2748

WE ARE PLEASED TO CONFIRM THE FOLLOWING TRANSACTION SUBJECT TO THE INFORMATION, DISCLOSURES, AND TERMS ON THE FRONT AND REVERSE SIDES OF THIS DOCUMENT:

IN YOUR CASH ACCOUNT

|  | | | |
|---|---|---|---|
| ON TRADE DATE | 10/23/2008 | FOR SETTLEMENT DATE | 10/28/2008 |
| YOU SOLD | 300 SHARES | PRICE | $ 16.6200 |

DESCRIPTION:
EMERGENT BIOSOLUTIONS INC
COMMON                                   PRINCIPAL AMOUNT      $    4,986.00
UNSOLICITED                              COMMISSION                 99.72
SPECIAL COMMISSION RATE
 20% COMMISSION DISCOUNT                 TRANSACTION FEE             4.95

                                         TOTAL                 $    4,881.33

ORDER  797560095      PROCESSED ON  10/23/2008@ 08:55:56      CUSIP  29089Q105 (EBS)

WE EXECUTED THIS TRANSACTION AS YOUR AGENT.

- If the phrase "we make a mkt in this security" appears on this confirmation, we have acted as principal functioning as a secondary market maker.
- If the phrase "unsolicited" appears on this confirmation, the transaction was conducted pursuant to an unsolicited order to buy or sell placed by the client.
- For debt securities transactions, call features may exist which could affect yield; additional information available upon request.
- For zero coupon transactions, no periodic payment and callable below maturity value, without notice by mail to holder unless registered.
- If the phrase "average price" appears on this confirmation, details regarding the actual execution prices are available on request.

**THANK YOU FOR ALLOWING EDWARD JONES THE OPPORTUNITY TO SERVE YOU.**

EDWARD JONES
201 PROGRESS PARKWAY
ST LOUIS, MO. 63043-3042
TEL 314-515-2000

# Edward Jones

## TRADE CONFIRMATION

### RETAIN FOR YOUR PERMANENT TAX RECORDS

EDWIN HOUSTON JR

YOUR FINANCIAL ADVISOR:

RANDY J. BEDWELL

BRANCH NUMBER: **07971**
FINANCIAL ADVISOR #: **797111**
ANY QUESTIONS CALL **(830) 249-2748**

WE ARE PLEASED TO CONFIRM THE FOLLOWING TRANSACTION SUBJECT TO THE INFORMATION,
DISCLOSURES, AND TERMS ON THE FRONT AND REVERSE SIDES OF THIS DOCUMENT:

IN YOUR CASH ACCOUNT

| | | | |
|---|---|---|---|
| ON TRADE DATE | 12/03/2008 | FOR SETTLEMENT DATE | 12/08/2008 |
| YOU BOUGHT | 50 SHARES | PRICE | $ 24.1800 |
| DESCRIPTION:<br>EMERGENT BIOSOLUTIONS INC<br>COMMON | | PRINCIPAL AMOUNT | $ 1,209.00 |
| UNSOLICITED | | COMMISSION | 50.00 |
| | | TRANSACTION FEE | 4.95 |
| | | TOTAL | $ 1,263.95 |

ORDER **797564609**   PROCESSED ON **12/03/2008@ 13:37:58**   CUSIP **29089Q105 (EBS)**

WE EXECUTED THIS TRANSACTION AS YOUR AGENT.

- If the phrase "we make a mkt in this security" appears on this confirmation, we have acted as principal functioning as a secondary market maker.
- If the phrase "unsolicited" appears on this confirmation, the transaction was conducted pursuant to an unsolicited order to buy or sell placed by the client.
- For debt securities transactions, call features may exist which could affect yield; additional information available upon request.
- For zero coupon transactions, no periodic payment and callable below maturity value, without notice by mail to holder unless registered.
- If the phrase "average price" appears on this confirmation, details regarding the actual execution prices are available on request.

## THANK YOU FOR ALLOWING EDWARD JONES THE OPPORTUNITY TO SERVE YOU.

EDWARD JONES
201 PROGRESS PARKWAY
ST LOUIS, MO. 63043-3042
TEL 314-515-2000

# **Edward Jones**

## TRADE CONFIRMATION

### RETAIN FOR YOUR PERMANENT TAX RECORDS

EDWIN HOUSTON JR

**YOUR FINANCIAL ADVISOR:**

RANDY J. BEDWELL

BRANCH NUMBER : **07971**
FINANCIAL ADVISOR #: **797111**
ANY QUESTIONS CALL **(830) 249-2748**

WE ARE PLEASED TO CONFIRM THE FOLLOWING TRANSACTION SUBJECT TO THE INFORMATION, DISCLOSURES, AND TERMS ON THE FRONT AND REVERSE SIDES OF THIS DOCUMENT:

IN YOUR CASH ACCOUNT

| | ON TRADE DATE | 12/10/2008 | FOR SETTLEMENT DATE | 12/15/2008 | |
|---|---|---|---|---|---|
| **YOU BOUGHT** | | **50** SHARES | PRICE | $ | 25.1500 |
| DESCRIPTION: | | | | | |
| EMERGENT BIOSOLUTIONS INC | | | PRINCIPAL AMOUNT | $ | 1,257.50 |
| COMMON | | | | | |
| UNSOLICITED | | | COMMISSION | | 50.00 |
| | | | TRANSACTION FEE | | 4.95 |
| | | | TOTAL | $ | 1,312.45 |

ORDER **797565518**   PROCESSED ON **12/10/2008@ 12:22:54**   CUSIP **29089Q105 (EBS)**

WE EXECUTED THIS TRANSACTION AS YOUR AGENT.

- If the phrase "we make a mkt in this security" appears on this confirmation, we have acted as principal functioning as a secondary market maker.
- If the phrase "unsolicited" appears on this confirmation, the transaction was conducted pursuant to an unsolicited order to buy or sell placed by the client.
- For debt securities transactions, call features may exist which could affect yield; additional information available upon request.
- For zero coupon transactions, no periodic payment and callable below maturity value, without notice by mail to holder unless registered.
- If the phrase "average price" appears on this confirmation, details regarding the actual execution prices are available on request.

## THANK YOU FOR ALLOWING EDWARD JONES THE OPPORTUNITY TO SERVE YOU.



SAN ANTONIO TX 780
RIO GRANDE DISTRICT
11 DEC 2018 PM 7 3

Edward Jones

Allyson Munsell
Financial Advisor

RECEIVED GE

DEC 14 2018

CLAIMS CENTER

Emergent Securities Litigation
c/o Gilardi + Co. LLC
Claims Admin.
Exclusions
3301 Kerner Blvd.
San Rafael, CA 94901-5505

EFB





RECEIVED

JAN 0 7 2019

CLAIMS CENTER

# Exclusion Cover Page

Case Name: *Emergent Securities Litigation*

Case Code:  EEB

Exclusion Deadline: December 26, 2018 (Postmark Date*)*

Name of Person Filing Exclusion:  Valerie J Schonewald

January 3, 2019

Dear Sirs:

I am requesting to exclude myself from the settlement agreement in the class action lawsuit William Sponn, et al., vs. Emergent Biosolutions Inc., et al. I realize that the date for you to receive this notification was 12/26/18. I received the paperwork regarding this lawsuit on 12/31/18. I have included some documentation to verify the receipt date of the paperwork. I have the USPS app Informed Delivery Daily Digest. It shows the envelope from the lawfirm in my December 31, 2018 mail delivery (I included all printed pages from that day but have blacked out some names for privacy sake.). I have also included the original mailing envelope that shows no Post Office date stamp, which seems highly unusual as my other mail that day was date stamped.

Considering that this was received after the date to submit my exclusion request, I am asking that it now be considered as I have sent this to you as quickly as possible after receipt considering the intervening New Year's holiday.

Sincerely,

Valerie J. Schonewald

 Gmail

Valerie Schonewald

**Informed Delivery Daily Digest**
1 message

USPS <USPSInformedDelivery@usps.gov>
To:

Mon, Dec 31, 2018 at 7:48 AM

You have mail and packages arriving soon.

12/31/2018

 **COMING TO YOUR MAILBOX SOON.**



✉ MAIL

View all mail on dashboard >



FROM    K. van Bourgondien

Learn More 







FROM    American Girl

Learn More  >



Emergent Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 404093
Louisville, KY 40233-4093

Presorted
First-Class Mail
US Postage
PAID
Permit #219
Petaluma, CA

**IMPORTANT LEGAL DOCUMENTS ENCLOSED.**

EEB-1016470-7 F
Do Not Mark This Barcode
1272

VALERIE J SCHONEWALD
*VALERIE JEANNE SCHONEWALD

**EEB**



.:. MassMutual

Massachusetts Mutual Life Insurance Company and affiliates

PRESORTED
FIRST CLASS

US POSTAGE
$00.40

37   KJJFIAB   29581











**Mailpieces that we do
not have an image for are
included in today's mail.**



## PACKAGES

View all packages on dashboard >

**Arriving Today**                                          Monday, Dec 31

No packages available to display.

**Arriving Soon**

No packages available to display.

You may have more mail or packages than are shown in your Daily Digest. To check, **go to your Dashboard** >

Mail may arrive several days after you receive this notification. Please allow up to a week for delivery before reporting missing mail.

**Report missing mail** >

*Not all mail is imaged and sorted on USPS® automated equipment. Therefore, some of your mail may not be shown here.

You subscribed to this service with USPS® New Products & Innovation, PO Box 23972, Washington DC 20026-3972.

If you no longer wish to receive daily email notifications, unsubscribe here.

If you need support, please visit user support for Informed Delivery®.

For more information about this service, please visit general information about Informed Delivery.

Copyright© 2018 United States Postal Service®. All Rights Reserved. The Eagle Logo and the trade dress of USPS® Packaging are among the many trademarks of the U.S. Postal Service®.

This is an automated email, please do not reply to this message. This message is for the designated recipient only and may contain privileged, proprietary, or otherwise private information. If you have received it in error, please delete. Any other use of the email by you is prohibited.

☐ noname.txt
1K

*Emergent Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 404093
Louisville, KY  40233-4093

Presorted
First-Class Mail
US Postage
**PAID**
Permit #219
Petaluma, CA



**IMPORTANT LEGAL DOCUMENTS ENCLOSED.**

EEB-1016470-7 F

Do Not Mark This Barcode
1272

VALERIE J SCHONEWALD
VALERIE JEANNE SCHONEWALD

**EEB**



U.S. POSTAGE
$3.50
CPU

RECEIVED GE

JAN 07 2019

CLAIMS CENTER

USPS TRACKING NUMBER

9500 1285 1566 9003 7698 06

Emergent Securities Litigation
c/o Gilardi & Co LLC
Claims Administrator
EXCLUSIONS
3301 Kerner Blvd
San Rafael, CA
94901

V Schonewald